IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CROP INSURANCE SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, et al., <br><br> Defendants. | Civil Action <br><br> No. 1:05-cv-01417-RWR |

## PRELIMINARY INJUNCTION ORDER

On August ____, 2005, this matter came on regularly for hearing on Plaintiff's Motion for Preliminary Injunction (the "Motion"). The Court, having considered the application, opposition, and reply papers of the parties, the files and records of this case, and the evidence and argument presented at the hearing, and being fully advised in the premises, finds that the Motion should be granted. Accordingly, it is hereby ORDERED, ADJUGED, and DECREED:

1. In accordance with Rule 65(b) of the Federal Rules of Civil Procedure, Occidental Fire & Casualty Company of North Carolina and Crop1 Insurance Direct, Inc. d/b/a Crop1 Insurance, Inc., their officers, directors, employees, principals, agents, servants, successors and assigns, loss adjusters, contractors, and all persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise (collectively, the "Enjoined Parties") are enjoined during the pendency of this action from (a) copying or reproducing in any fashion the copyrighted

DB03/763432

works, as identified in paragraph 12 of plaintiff's First Amended Complaint ("Registered NCIS Works"); (b) preparing derivative works based upon the Registered NCIS Works; (c) distributing to the public, by sale, transfer, or otherwise, or by rental, lease, or lending, works or other tangible objects that are substantially similar to the Registered NCIS Works; (d) publicly displaying the Registered NCIS Works; and/or (e) authorizing others to do any of the above acts.

2. In accordance with 17 U.S.C. § 503, the Enjoined Parties shall (a) return all originals, copies, facsimiles, or duplicates of the Registered NCIS Works, whether maintained in hard copy or electronically; and (b) certify under penalty of perjury that all copies, however maintained, have been returned and no copies have been retained, and file the certifications under penalty of perjury with the Court and serve them on plaintiff.

3. The Enjoined Parties shall withdraw all infringing materials from their offering, selling, and servicing of MPCI coverage and crop-hail coverage, including removing all infringing materials from websites, withdrawing infringing materials from use by sales agents and loss adjusters, and removing infringing materials from all training materials used by the Enjoined Parties.

4. The Enjoined Parties shall withdraw all infringing materials from crop-hail filings they have made with any state insurance regulatory authorities, including those identified in plaintiff's First Amended Complaint at paragraphs 31-63. This preliminary injunction, however, shall not be applied or interpreted to alter, amend, or modify the Enjoined Parties' obligations to any policyholders who have purchased crop-hail coverage as of the entry of this order, even if such coverage was written on forms

DB03/763432

infringing plaintiff's copyrights, as it is the Court's intent not to disturb in any respect the contractual rights of third-parties who may have purchased crop-hail coverage prior to issuance of this order.

     5.    This preliminary injunction shall be effective upon plaintiff's posting security in the sum of $1,000 for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, such bond to be approved by the Court or the Clerk of the Court or in the form of a check delivered to the Clerk in accordance with LCv 65.1 and 67.1.

DATED: August _____, 2005

                                                           United States District Judge

DB03/763432