**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| National Crop Insurance Services, Inc.,<br>*Plaintiff,*<br><br>*v.*<br><br>Occidental Fire & Casualty Company of North Carolina, *et al.*,<br>*Defendants.* | Case No.   1:05-cv-01417 (RWR) |

<u>**Defendant Occidental Fire & Casualty Company of North Carolina's**</u>
<u>**Motion for Change of Venue**</u>

Pursuant to 28 U.S.C. 1404(a), Defendant Occidental Fire & Casualty Company of

North Carolina respectfully moves this Court to transfer this action to the United States

District Court for the Southern District of Iowa.

Respectfully submitted,

Charles R. Work, D.C. Bar # 61101
Karla L. Palmer, D.C. Bar # 44353
Michael S. Nadel, D.C. Bar # 470144
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Mary Hulett
Ragsdale Liggett PLLC
P.O. Box 31507
Raleigh, N.C.  27622-1507
(919) 787-5200

*Attorneys for Occidental Fire & Casualty*
*Company of North Carolina*

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| National Crop Insurance Services, Inc.,<br>                    *Plaintiff,*<br><br>    *v.*<br><br>Occidental Fire & Casualty Company of<br>North Carolina, *et al.,*<br>                    *Defendants.* | Case No.   1:05-cv-01417 (RWR) |

<u>Memorandum of Law in Support of</u>
<u>Defendant Occidental Fire & Casualty Company of North Carolina's</u>
<u>Motion for Change of Venue</u>

Defendant Occidental Fire & Casualty Company of North Carolina ("Occidental") respectfully submits this Memorandum of Law in Support of its Motion for Change of Venue pursuant to 28 U.S.C. 1404(a).

**I.     Introduction**

Plaintiff National Crop Insurance Services, Inc. ("NCIS"), a Kansas corporation, sued Occidental Fire & Casualty Company of North Carolina, a North Carolina company, and Crop1 Insurance Direct, Inc., d/b/a Crop1 Insurance, Inc. ("Crop1"), a Wyoming company with a principal place of business in Iowa, for allegedly misrepresenting to state agencies in the midwest that NCIS was their advisory organization and statistical agent, and for relying on NCIS forms and data in those

same midwestern states.  NCIS has asserted claims for violation of 15 U.S.C. § 1125, misappropriation of trade secrets, conversion, and common law fraud.  Nowhere does NCIS allege any act or omission by the defendants in the District of Columbia.  Indeed, the only connection to the District of Columbia alleged by plaintiff is that Occidental is licensed to write insurance in the District.

This case should be transferred to a more appropriate forum, specifically to the U.S. District Court for the Southern District of Iowa, because plaintiff's selection of the District of Columbia lacks any consideration for the location of the parties, witnesses, relevant documents, challenged activities or alleged damages.

## II.    Factual Background

This is an action involving a Kansas corporation, NCIS, suing a North Carolina-based insurance company, Occidental, and a Wyoming corporation with a principle place of business in Iowa, Crop1.  (Complaint ¶ 3).  NCIS alleges that Crop1 works with Occidental to offer two different types of insurance:  (1) crop hail insurance in Illinois, Indiana, Iowa, Michigan, Minnesota, Nebraska, Texas, Washington, and Wisconsin; and (2) the federal multiple peril crop insurance ("MPCI Coverage) for farmers in Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Nebraska, North Dakota, Ohio, South Dakota, Texas, Washington and Wisconsin.  (Complaint ¶ 10).  Noticeably absent is any allegation that any crop insurance of any kind was marketed by Crop1 or Occidental in the District of Columbia.

Since 2004, Crop1 has operated as Occidental's managing general agent with regard to the federal multiple peril crop insurance program. (Amended Compl. ¶ 4; Coon Declaration, ¶¶ 5 & 6). In 2005, Crop1 served as Occidental's general agent, and Crop USA served as Occidental's managing general agent for purposes of offering crop hail insurance. (Coon Declaration, ¶ 6).

The management of the insurance programs for both the federal multiple peril crop insurance and the crop hail insurance was done from Des Moines, Iowa, the principal place of business of Crop1. (Coon Declaration, ¶ 7). While Occidental's principal place of business is in Raleigh, North Carolina, the individuals responsible for the management of the crop insurance program for Occidental were located in Omaha, Nebraska. (Coon Declaration, ¶ 4).

Indeed, the only tie to the District of Columbia is the fact that Occidental is licensed, and has been licensed for many years, to write general property and casualty insurance in the District of Columbia. However, in the last fifteen years, Occidental has written no insurance in the District of Columbia. (Pirrung Declaration ¶ 5). Occidental maintains no agents in the District of Columbia. (Pirrung Declaration ¶ 6). Occidental has no property or assets in the District of Columbia. (Pirrung Declaration ¶ 8). Occidental concedes that by the appointment of an agent for service of process in the District of Columbia there is jurisdiction over Occidental in this court. However, the

fact that there is jurisdiction in this court does not make it the appropriate forum for this action.

## III.    Argument

The District of Columbia has no ties to this case.  The parties, witnesses, relevant documents and alleged misdeeds are all located, or are alleged to have taken place, elsewhere.  Pursuant to 28 U.S.C. § 1404(a)[1] this action as against Occidental should be transferred to the U.S. District Court for the Southern District of Iowa [2]

The purpose of § 1404(a) is to counter the ease with which a plaintiff can "forum shop" under the broad language of 28 U.S.C. sections 1391 and 1400(a).  Allowing venue transfer helps to "prevent the waste of 'time, energy and money' and 'protects litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).  This is a case of blatant forum shopping and transfer should be granted.

A defendant who seeks a transfer of venue must meet two requirements.  First, the court must determine that the transfer of the action is "for the convenience of the

---

[1]    The statute provides:  "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

[2]    It appears highly unlikely that there is jurisdiction in this court for the plaintiff to proceed against Crop1.  Nonetheless, all of the acts and omissions asserted against Occidental occurred in Des Moines, Iowa.  (Coon Declaration ¶¶ 4 & 7).

parties and witnesses" and "in the interest of justice."  Second, the proposed transferee district must be one in which the action "might have been brought."  This determination must be made "according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).  Courts possess broad discretion to balance the parties' private interests along with the public interest.  *Id.* at 30.

Courts deciding whether to transfer consider the following private interests: (1) the plaintiffs' choice of forum; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof.  The court should also consider the following public interests: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home.  *Trout Unlimited v. U.S.D.A.*, 944 F. Supp. 13, 16 (D.D.C. 1996); *see also Initiative and Referendum Institute v. U.S. Postal Serv.*, 154 F. Supp. 2d 10, 14 (D.D.C. 2001); *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000).  These factors, based on the facts provided, overwhelmingly favor transfer to a different forum.

A.    **Private Interests Considerations Weigh in Favor of Transfer.**

In *Wilderness Society*, this Court held:

> [i]n weighing claims of convenience, the Court recognizes the diminished consideration accorded to a plaintiff's choice of forum where…that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter.

*Id.* at 12-13 (internal citations omitted).  Thus "[t]he degree of deference accorded to plaintiffs' choice of forum therefore depends upon the nexus between plaintiffs' chosen forum…and the dispute." *Id.* at 13.  No such nexus exists here.

While a nexus existed in *Wilderness Society*, by virtue of the "national importance" of the "scare resource" at issue, this case is more analogous to *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991).  There, the court recognized that a plaintiff's choice of forum received "diminished consideration" when the forum has "no meaningful ties to the controversy and no particular interest in the parties or subject matter."  *Id.* The *Armco* court reasoned that there was little to no connection between the District of Columbia and the controversy, which involved alleged restraints on the transportation of iron ore on Lake Erie.  The court further reasoned that the District was not plaintiff's "home turf" and that neither it nor the defendant had any connection to the District.  *Id.* at 323.  *See also Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981) (Plaintiff's choice of forum is accorded even less deference when the plaintiff is not a resident)

The case at bar has "no meaningful ties" to the District of Columbia. *See Armco Steel Co.*, 790 F. Supp. at 323. NCIS alleges claims arising out of conduct in a variety of midwestern states. The District of Columbia, however, is not among the geographic areas listed. (Complaint ¶ 36.) Additionally, the District of Columbia is not the "home turf" of any party to this action. In fact, it appears that Crop1 has no ties to the District of Columbia, and Occidental, while authorized to issue insurance in the District has not, in fact, conducted any business in the District in at least fifteen (15) years. NCIS, moreover, does not claim that any misconduct, injury or relevant activity of any kind occurred in the District. Thus, the nexus in this case is even less significant than the connection that the *Armco* court found to be insignificant. *Armco*, 790 F. Supp. at 323 (relevant meeting between the parties held in the district was insufficient to justify keeping the case in that district)

Iowa is the most logical forum for this case to proceed. After all, plaintiff identifies three specific states (Nebraska, Iowa, and Minnesota) where acts of "illegal, unauthorized and tortious acts" are alleged to have occurred (Complaint ¶¶ 21-34). Of those three states, Iowa is the only state in which Crop1 has ever written the crop hail insurance alleged to be at issue in this lawsuit. Plaintiff may suggest that its home state, Kansas, would be a more appropriate forum than Iowa. Plaintiff, however, does not allege, and cannot allege, that Crop1 and/or Occidental ever solicited, offered or sold

8

crop hail insurance in Kansas, or submitted NCIS forms or data to state agencies or to anyone else in Kansas. Thus, Iowa is the appropriate forum for this dispute.

Even if plaintiff alleges that some conduct occurred in the District — which it did not — the claims still would be more properly adjudicated in another venue. *See Liban v. Churchey Group II*, 305 F. Supp. 2d. 136, 142 (D.D.C. 2004). In *Liban*, the plaintiff alleged discrimination under the Fair Housing Act, based on familial status, related to an advertisement for a housing development in a District-based newspaper. *Id.* The court held that although the claim arose via defendant's act of reading the advertisement, that did not preclude the claim from also arising in Maryland, where the plaintiff had a personal conversation with defendant. *Id.* Thus, even if NCIS were to somehow try to allege that there was *some* conduct in the District in this case, that would not diminish the fact that this action arose in the Midwest.

Nor is the District of Columbia a convenient location for any party or the potential witnesses. Whether the court considers the parties' states of incorporation, their principle places of business, the acts alleged to have occurred, the location of witnesses or relevant documents, or the damages alleged to have been suffered, this case has no connection to the District of Columbia. This patently inconvenient choice of forum only underscores the plaintiff's forum shopping and highlights the need for a transfer under 1404(a). *See Wilderness Society*, 104 F. Supp. 2d at 16 (presence of voluminous relevant records housed elsewhere weighed in favor of transfer); *Liban*, 305

9

F. Supp. 2d. 136, 142 (the location of relevant website and other documentary evidence weighs in favor of that location as venue).

A transfer under 1404(a) contemplates a lesser showing of inconvenience than under the common law doctrine of *forum non conveniens*. *SEC v. Savoy Industries, Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978). Similarly, when the plaintiff is not a resident of its chosen forum, it choice is accorded even less weight. *Piper Aircraft*, 454 U.S. at 2556-56. The inconvenience to the parties strongly supports a transfer of plaintiff's Complaint to a more appropriate forum.

### B.    Public Interest Considerations Also Weigh in Favor of Transfer.

Courts must also consider which citizens will be affected by the outcome of the dispute, and which court will have a greater familiarity with the subject matter at hand. *Trout Unlimited*, 944 F. Supp. at 19-20 (transfer held proper because the case involved interpretation of state law, even though the case partially involved federal law). "[T]here is a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947). Where there are no meaningful ties to or interest in a lawsuit, courts should be especially cautious in allowing the case to remain in the District. *See Cameron v. Thornburgh*, 983 F.2d 253 (D.C. Cir. 1993).

In this case, the District has <u>no</u> local interest in this matter. Any state in which crop insurance is alleged to have been written, in which misconduct is alleged to have taken place, or in which improper filings allegedly were submitted to state agencies,

undoubtedly has a far greater interest in this dispute than the District of Columbia. Further, there will be conflict of laws issues to decide when determining which substantive state law to apply in this case. The NCIS claims that conduct that took place in one state, was directed at entities in another state, and damaged a party in yet another state. This interpretation of local state laws is better left to the District Court in the state which will be more familiar with the application of the claims alleged. *See Trout Unlimited*, 944 F. Supp. at 19. As such, because there is no public consideration in favor of maintaining this action in this forum, transfer to the U.S. District Court for the Southern District of Iowa is proper.

## IV.    Conclusion

For the foregoing reasons, Occidental requests that this Court transfer this action to the U.S. District Court for the Southern District of Iowa a more convenient forum pursuant to 28 U.S.C. § 1404(a) and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Charles R. Work, D.C. Bar # 61101
Karla L. Palmer, D.C. Bar # 44353
Michael S. Nadel, D.C. Bar # 470144
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Mary Hulett
Ragsdale Liggett PLLC
P.O. Box 31507
Raleigh, N.C.  27622-1507
(919) 787-5200

*Attorneys for Occidental Fire & Casualty
Company of North Carolina*

**United States District Court**
**for the District of Columbia**

| | |
|---|---|
| **National Crop Insurance Services, Inc.,**<br>*Plaintiff,*<br><br>*v.*<br><br>**Occidental Fire & Casualty Company of North Carolina,** *et al.,*<br>*Defendants.* | **Case No.  1:05-cv-01417 (RWR)** |

### [Proposed] Order

This Court has considered the Motion for Change of Venue by Defendant Occidental Fire & Casualty Company of North Carolina.  It is hereby ORDERED that the motion is GRANTED; and it is further

ORDERED that the Clerk shall transfer this action to the United States District Court for the Southern District of Iowa.

_____

Date

_____

Richard W. Roberts
United States District Judge