# EX. A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA,

NATIONAL CROP INSURANCE
SERVICES, INC.

        Plaintiff

    v.

OCCIDENTAL FIRE & CASUALTY
COMPANYOF NORTH CAROLINA and
CROP1 INSURANCE DIRECT, INC. d/b/a
CROP1 INSURANCE, INC..

        Defendants

Civil Action No. 1:05cv01417

Judge: Richard W. Roberts

## AFFIDAVIT OF WILLIAM T. ROSE, JR.

I, William T. Rose, Jr., having been duly sworn, hereby state as follows under oath:

1.     My name is William T. Rose, Jr. I am the president of Crop1 Insurance Direct, Inc. d/b/a Crop1 Insurance, Inc. ("Crop1"). The information contained in this affidavit is based upon my personal knowledge, information and belief. I would be able to testify, if necessary, to the matters set forth in this affidavit.

2.     Crop1 is a Wyoming corporation with its principal place of business in Iowa.

3.     Crop1 is an insurance agency in the business primarily of writing Federal Multi Peril Crop Insurance ("MPCI"). Far less than one percent of Crop1's business is the writing of crop hail insurance.

4.     For 2005, Crop1 was a General Agent ("GA") and CropUSA Insurance Agency, Inc. ("CropUSA") was the Managing General Agency ("MGA") for Occidental Fire & Casualty Company of North Carolina ("Occidental") pursuant to a "General Agency Agreement" for purposes of producing certain classes of hail insurance in certain states. A copy of that General

Agency Agreement is attached hereto as exhibit 1. In its capacity as GA, Crop1, served as agent for CropUSA to write crop hail policies that were issued on behalf of Occidental.

5.     In its capacity as GA, Crop1 has assisted in the preparation of and submission of information required to permit Occidental and its crop hail MGA, CropUSA, to issue crop hail insurance policies in Illinois, Indiana, Iowa, Michigan, Minnesota, Nebraska, Texas, Washington, and Wisconsin.

6.     As a GA, and on behalf of CropUSA, Crop1 through its agents and/or independent contractors has written five crop hail insurance policies, all in one state — Iowa.

7.     For 2005, Crop1 has also served as MGA for Occidental in connection with the placement of MPCI policies. In 2005, Crop1 has written MPCI policies in the following states: Idaho, Iowa, Illinois, Indiana, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Texas, Washington, and Wisconsin.

8.     Crop1 is not owned by any corporate parent, has no affiliate companies, and has no wholly-owned subsidiaries.

9.     Crop1 does not write, and has never written, insurance for any property or risk located in the District of Columbia. Crop1 does not contract with, and has never contracted with, any individual or business located in the District of Columbia for purposes of procuring, soliciting, purchasing or otherwise profiting from any risk.

10.    Crop1 does not have, and has never had, an office, place of business, street address, post office box, or telephone number in the District of Columbia.

11.    Crop1 is not and has never been licensed or admitted to do business in the District of Columbia. It does not advertise and has never advertised in the District of Columbia. It has no employees and has never had employees resident in the District of Columbia.

12.    Crop1 does not own or lease, and has no record of ever owning or leasing, any real property located in the District of Columbia. It does not currently own, and has never owned, any other assets or property located in the District of Columbia. Crop1 has no record of ever paying any taxes in the District of Columbia, other than required federal income taxes insofar as filing federal taxes electronically or mailing them to local service centers can be considered paying taxes in the District of Columbia.

13.    Crop1 has no registered agent in the District of Columbia. Crop1 has no subsidiaries or parent entities that are incorporated in the District of Columbia, that maintain a principal place of business in the District of Columbia, that maintain a registered agent in the District of Columbia, that maintain any District of Columbia employees or offices, or that conduct any business in the District of Columbia at all.

14.    Crop1 has not billed from any District of Columbia office, has not maintained bookkeepers or any other employees in the District of Columbia to perform its contractual obligations, and has not collected money on contracts from any District of Columbia office or bank account.

15.    Crop1 does not contract with, and has never contracted with, any individual or business located in the District of Columbia for purposes of procuring, soliciting, purchasing or otherwise profiting from any risk.

16.    Crop1 has retained independent contractors in the District of Columbia for the sole purpose of engaging in lobbying activities.

17.    Based on my experience in the industry and upon a review of the RMA website, there are currently seventeen companies that deliver MPCI crop insurance. Of those seventeen companies, Occidental and Crop1 maintain the only program that for the past three years has

~CHGO1:30666261.v1

been approved by the federal government to offer a discount on federal crop insurance – in accordance with a program that NCIS and its members have vigorously and publicly opposed.

18.     For the 2006 crop-year, it is my belief that Crop1 will be the only domestic company in the industry that is not a direct member of NCIS. However, notwithstanding the fact that Crop1 is not a direct member of NCIS, Crop1 regularly pays increased "non-member" fees to NCIS for attendance at NCIS training seminars.

19.     In 2005, Cory Bremer worked as Crop1's independent contractor for purposes of assisting Crop1 in its efforts to develop a crop hail insurance program for Occidental and its MGA, CropUSA.

20.     The marketing and writing of MPCI policies is regulated by the Risk Management Agency ("RMA"), an agency of the United States Department of Agriculture. As President of Crop1, I have become familiar with, and have reviewed, a handbook developed and published by the RMA called a "Document and Supplemental Standards Handbook" (the "DSSH"). A copy of the most recent DSSH is attached hereto as exhibit 2.

21.     The stated purpose of the DSSH is to provide submission requirements and document standards established by the RMA for the administration of certain crop insurance policies, in accordance with the Standard Reinsurance Agreement and the Federal Crop Insurance Act. (Ex. 2 at 1, ¶ 1). Documents described in the DSSH "are required to contain all items identified as 'Substantive.'" (Ex. 2 at 2, ¶ 4). Further, the DSSH requires that certain forms contain certain specific information (for example, ex. 2 at pp. 67-74), and that forms comply with standards regulating such matters as, among many others, the location and contents of certain insurer information, the font-size of the text, and numerous abbreviations and definitions required to be used. (Ex. 2 at pp. 3-5). The DSSH indicates that forms not contained

in the DSSH can be found in either the Loss Adjustment Manual ("LAM"), the Crop Insurance Handbook ("CIH") or other RMA publications.  (Ex. 2 at 5, ¶ 7(B)).

22.    I have reviewed the exhibits attached in support of the NCIS Motion for Preliminary Injunction.  They are identified as exhibits 1-3, and thereafter, by exhibits 1-28(A) and 1-28(B).

23.    The first set of NCIS exhibits 1-3 appear to be copies of filings submitted to state insurance departments in Iowa, Minnesota and Nebraska seeking authority for Occidental to write crop hail insurance in those states.  Those filings were submitted by Filing Analyst Cory Bremer as an independent contractor of Crop1 and on behalf of Occidental by Crop1 in furtherance of its duties under the Agency Agreement between and among Crop1, CropUSA, and Occidental.

24.    The second set of NCIS exhibits, numbers 1-3, in particular exhibits 1(B), 2(B) and 3(B), are different versions of NCIS "Crop Insurance Plan Comparison" charts and summaries.  A copy of a document NCIS claims is Crop1's "Crop Insurance Plan Comparison" chart and literature brochure is attached hereto as exhibit 4.  That chart compares two additional plans not referenced in the NCIS plan comparison, contains several fewer coverage comparison charts, and has modified both the order of the plans compared, and some of the terminology.  All of the information contained in the chart is factual.  Specifically, the information contained in those chart includes basic factual information commonly used by insureds to be able to compare and contrast different types of federal insurance coverage.  Further, the information described as "Premium" and set forth in the chart simply sets forth formulae required by federal regulation.

25.    Regarding the forms in which NCIS now claims copyright, upon information and belief, NCIS has copied government publications and then claimed authorship of those

publications. For example, the NCIS copied a several hundred page LAM manual dated January 2004 which was published by the Federal Crop Insurance Corporation ("FCIC"), a corporate subsidiary of the USDA and which is administered by the RMA. NCIS now claims to have "created" its own identical manual and renamed it NCIS LAM Manual. NCIS then went on to designate this identical copy as the copyrighted work of NCIS. (Compare excerpts of these documents attached as exhibits 3(A) and 3(B) attached hereto.) This FCIC document, and its NCIS twin, suggest that insurers utilize the Withdrawal of Claim form (Exhibit 4 attached hereto) which NCIS now claims is being misused by Crop1. (Exhibits 3(A) and 3(B) at pg. 125).

26.    Exhibit 4(B) to the NCIS Motion for Preliminary Injunction is a "Crop Insurance Withdrawal of Claim" form. Crop1's Withdrawal of Claim form is attached hereto as exhibit 4. Every item contained on both sides in this form is specifically required by the RMA, in accordance with the requirements set forth in the DSSH. (Ex. 2 at ex. 22, pp. 74-75).

27.    Exhibit 5(B) to the NCIS Motion for Preliminary Injunction is a "Simplified Claims Qualification and Notice of Loss Form." I am familiar with an RMA pilot program in which the RMA approved and established guidelines for a simplified claims processing program. A copy of Crop1's Simplified Qualification and Notice of Loss Form is attached hereto as exhibit 5.

28.    The data set forth in each box set forth in the top of exhibit 4 is required by the RMA's "Data Acceptance System." That is, Crop1 is required to submit the information requested at the top of Ex. 5 to secure RMA reimbursement for the policy holder. Further, substantial additional information requested on Ex. 5, particularly as set forth in questions numbered 1-3, 5-10 and portions of question number 11 of Ex. 5 are required in substantially

similar form by RMA written guidelines pursuant to RMA Bulletin Number MGR-98-030 attached hereto as exhibit 6 or by provisions of a Loss Adjustment Manual.

29.    Exhibit 6(b) to the NCIS Motion for Preliminary Injunction is a "Power of Attorney" form. A copy of Crop1's Power of Attorney form is attached hereto as exhibit 7. That Power of Attorney form is virtually identical to the specific form required by the RMA, in accordance with the requirements set forth in the DSSH. (Ex. 2 at ex .15, p. 50).

30.    Exhibit 7(b) to the NCIS Motion for Preliminary Injunction is a "High Risk Land Exclusion Option." A copy of Crop1's High-Risk Land Exclusion Option document is attached as exhibit 8  The information contained in this form is virtually identical to that required by the RMA, in accordance with the requirements set forth in the DSSH. (Ex. 2 at ex. 20, at p. 67).

31.    In addition to reviewing the 2004 DSSH and determining that Crop1's forms mirror the requirements set forth therein, I have reviewed the 1998 DSSH posted online at the RMA website found at http://www2.rma.usda.gov/data/directives.html#18000, and determined that the requirements for the High Risk Land Exclusion form and the Power of Attorney form in the 1998 publication are nearly identical to those found in the most recent publication.

32.    Exhibits 8(b) through 22(b) to the NCIS motion for preliminary injunction are portions of contract provisions submitted in connection with applications to write crop hail insurance in Iowa, Minnesota and Nebraska. Those insurance contract forms were submitted by Crop1 in its capacity as agent for Occidental's MGA, CropUSA.

33.    On information and belief, Occidental's crop hail MGA, CropUSA, has been for at least all of 2005 a member in good standing of National Crop Insurance Services, Inc. ("NCIS") with the right to access crop hail data and forms. It is my understanding and belief that

~CHGO1:30666261.v1

CropUSA has paid, or will pay, all appropriate fees and commissions due or to come due to the NCIS.

34.     Exhibits 23(b) through 28(b) to the NCIS motion for preliminary injunction are Final Average Cost Analysis data for Iowa, Minnesota and Nebraska for 2002 and 2004. In order for CropUSA and Occidental to have a crop hail program, this data was required to be filed in those states. In its capacity as GA, Crop1 arranged to have an independent contractor assemble and file this information on behalf of CropUSA and Occidental.

35.     Crop1 has maintained an message on its website inviting any party that feels its intellectual property is being misused to contact Crop1 to report the misuse. To the best of my knowledge, NCIS has never availed itself of this opportunity. Similarly, to the best of my knowledge and belief, Crop1 has never received a cease and desist letter from NCIS related to any document, or more specifically, to any of the works in which it now claims copyright.




William T. Rose, Jr.
President, Crop1 Insurance Direct, Inc.
d/b/a Crop1 Insurance, Inc.


Subscribed and Sworn to before me on this 22ᴺᴰ day of August, 2005

Notary Public

TERRI S. SCHINSTOCK
Commission Number 178122
My Commission Expires
2-13-07

# EX. 1

~CHGO1:30666386.v1

# GENERAL AGENCY AGREEMENT

### Between

## Occidental Fire & Casualty Company
## of North Carolina

### And

## Crop USA Insurance Agency, Inc.

### And

## Crop1 Insurance Direct, Inc.

## GENERAL AGENCY AGREEMENT

This Agreement is made and entered into this 18 day of January, 2005 by and between Occidental Fire & Casualty Company of North Carolina, (hereinafter referred to as "COMPANY"), a North Carolina Corporation whose principal place of business is located at 702 Oberlin Road, Raleigh, NC 27605, and Crop USA Insurance Agency, Inc. (hereinafter referred to as "MGA"), a Idaho corporation whose principal place of business is located at 111 Main St., Lewiston, Id. 83501 ("MGA") and Crop 1 Insurance Direct, Inc. (hereinafter referred to as "GA"), a Wyoming corporation whose principal place of business is located at 4532 114th St. Des Moines, Iowa 50322.

## RECITALS

**WHEREAS,** COMPANY transacts an insurance business in Ohio, Indiana, Illinois, Missouri, Iowa, Wisconsin, Minnesota, North Dakota, South Dakota, Nebraska, Texas, Washington, Idaho, Michegan and Kansas as an admitted insurer in compliance with the applicable laws and regulations; and

**WHEREAS,** MGA and GA is licensed as a producer, managing general agent, or agent in Iowa and such other jurisdictions in which MGA and GA may be required to transact the business contemplated by this Agreement; and

**WHEREAS,** COMPANY desires to appoint MGA and GA as its agent to produce in accordance with the terms of this Agreement, certain classes of hail insurance in selected states, territories and possessions of the United States where COMPANY may lawfully transact the business of insurance, and that are listed in Schedule A of this Agreement which by this reference is incorporated herein; and

**WHEREAS,** COMPANY and MGA and GA intend, by entering into this Agreement, that GA shall provide its marketing, claims, underwriting, policy processing, premium collection, quality assurance and other administrative services, as hereinafter set forth, on behalf of COMPANY in connection with the administration of policies, claims and required audits and inspections arising out of certain hail policies issued by COMPANY in the states identified in Schedule A of this Agreement;

**NOW, THEREFORE,** COMPANY, MGA and GA, in consideration of the mutual premises herein contained and for other good and valuable consideration, the receipt of which is hereby acknowledged, hereby agree as follows:

## SECTION I – APPOINTMENT OF MGA and Ga

A.    COMPANY hereby appoints MGA and GA as its agent to supervise and conduct the writing of hail insurance exclusively through GA in the states listed in schedule A.

2

B.    MGA and GA hereby accepts such appointment, power and authority, and agrees to perform its obligations hereunder in accordance with all applicable state laws and regulations.

## SECTION II – AUTHORITY OF MGA and GA

A.    Subject to the terms of this Agreement, COMPANY hereby grants to MGA and GA any and all authority as may be required for MGA and GA to:

1. Properly supervise and conduct the writing of the aforesaid hail business, including (but not by way of limitation) the authority to appoint local agents as brokers for GA and remove local agents appointed by it previously; however, GA shall have no authority to appoint agents on behalf of Company;.

2. Solicit and evaluate applications for insurance;

3. Accept and decline risks;

4. Collect premiums;

5. Appraise, adjust, compromise and pay losses and expenses incurred in connection with the aforesaid hail business including legal expenses, except that should COMPANY elect to employ counsel in addition to counsel employed by MGA and GA, the cost of such additional counsel shall be paid by COMPANY. Such adjustment and payment of losses and expenses shall be in accordance with all applicable fair claim practices acts.

B.    MGA and GA shall comply with all laws and regulations governing them with respect to the insurance business written within the scope of this Agreement and shall file for approval all policy forms and other documents as may be required by the applicable regulatory authorities on behalf of COMPANY, MGA and GA.

C.    COMPANY may cancel or refuse to renew any policy of insurance produced or underwritten by GA, subject to applicable laws and rules, and COMPANY' underwriting guidelines or standards.

D.    MGA and GA shall not:

1. Bind reinsurance or retrocessions on behalf of the COMPANY;

2. Commit COMPANY to participate in insurance or reinsurance syndicates;

3

3. Appoint an agent without confirming that the agent is lawfully licensed to transact the type of insurance for which that person is appointed;

4. Jointly employ an individual who is employed by COMPANY.

5. Contest any hail claim in court in connection with losses or other matters without prior approval of COMPANY.

6. Without COMPANY's prior approval, pay or commit COMPANY to pay a claim over an amount, net of reinsurance, which exceeds one percent (1%) of COMPANY's policyholder's surplus as of the preceding December 31;

7. Collect any payment from a reinsurer or commit COMPANY to any claim settlement with a reinsurer, without COMPANY's prior approval. If prior approval is given, a report of any such payment or commitment must be promptly forwarded to COMPANY; or

8. Permit any sub-broker, sub-agent, or sub-producer to serve on COMPANY's board of directors.

## SECTION III -REINSURANCE

GA is authorized and agrees to assist COMPANY in arranging reinsurance programs on terms satisfactory to COMPANY for policies subject hereto with reinsurers with an "A" or higher rating by A. M. Best. GA will assist in negotiating reinsurance terms, but COMPANY retains the right and authority to finally approve all reinsurance agreements providing protection to COMPANY against losses arising out of hail policies written by GA. MGA and GA shall have no authority to accept any hail policies under the terms of this Agreement until COMPANY notifies MGA and GA, in writing, that satisfactory reinsurance coverage has been secured to protect COMPANY against liability associated with such policies.

## SECTION IV - EXPENSES

MGA and GA shall be responsible for all expenses directly related to the administration of the business pursuant to this Agreement, including claims arising thereunder. Such expenses shall include, but shall not be limited to, MGA and GA licenses, GA supplies (such as applications, forms, policy blanks, daily reports, adjuster supplies and loss drafts), advertising, subagent or broker commissions, local board and association fees, audits, inspections, independent claim adjuster fees and legal costs. In addition, MGA and GA shall be responsible for any and all fines, fees or assessments levied against COMPANY, GA or MGA arising out of the production and administration of the business pursuant to this Agreement unless such fine, fee or assessment is a result of COMPANY's failure to act, lack of compliance, negligence, fraud, or misconduct.

4

## SECTION V – COMMISSION AND FEES

A.     The MGA and GA shall be entitled to a commission for its services under this Agreement equal to the difference between (1) the sum of the ceding commission and the loss adjustment expense allowance allowed the Company under the reinsurance arranged by the GA and (2) the sum of the Issuing Fee described in Section VI and the premium taxes on insurance produced pursuant to this agreement.

B.     In addition, the GA shall be allowed to retain all policy fees, interest or any investment income derived from the use of the collected funds, installment fee income, and other non-premium income derived from insurance issued or renewed under this agreement.

## SECTION VI-ISSUING FEE

The Company shall be entitled to an annual issuing fee for its participation hereunder equal to 3% of the written premiums.

## SECTION VII – REPORTS AND REMITTANCES

A.     Not less than monthly, GA shall prepare and submit to COMPANY from GA's hail processing system a bordereau for the crop season under consideration showing: (1) premiums written, cancellations and return premiums; (2) GA's commission thereon; (3) losses and loss adjustment expenses paid; (4) an estimate of outstanding losses and loss adjustment expenses; (5) premium loss reports GA has sent/will send to reinsurers; and (6) premiums billed and due, collected and outstanding.

## SECTION VIII – PREMIUM

GA shall be liable to COMPANY for any and all premiums on business written for COMPANY hereunder, regardless of whether such premiums or any of them have been collected by the GA. GA shall bill, collect, and receive such premiums as they become due. All premiums received by GA on business written hereunder shall be held by GA in a fiduciary capacity in a bank, which is a member of the Federal Reserve System. GA shall deposit only premium trust funds in such account and shall not commingle personal funds or other funds in such account. GA shall have the authority to draw checks against said bank account, but only for the following purposes:

1. Payment of return premiums due to policyholder overpayment or cancellation;
2. Payment of losses and loss adjustment expenses on insurance produced under this agreement;
3. Payment of the premium due reinsurers for reinsurance effected for this program;
4. Payments of amounts due the GA in accordance with Section V, amounts due the Company in accordance with Section VI and this section, and premium taxes.

## SECTION IX – RECORDS

GA shall maintain separate records for the business contemplated by this Agreement, but not limited to, statistical and accounting records that an insurance company would maintain with respect to the insurance business subject hereto as to allow COMPANY to make only general ledger entries in its books and records, with all other data maintained by the GA and provided by GA to COMPANY as is necessary to enable COMPANY to prepare its annual convention statement and any other reports required by any governmental agency, and to submit the data required by the various reporting bureaus.

COMPANY, by its duly appointed representative, shall have the right at any reasonable time to examine and copy all papers in possession of GA referring to business effected hereunder and COMPANY and state insurance commissioners shall have access to all books, bank accounts and records related to COMPANY's business in a form usable by COMPANY and state insurance commissioners. Such records shall be retained as required by applicable law, and written notice will be sent to the COMPANY prior to destruction of any records.

## SECTION X – COMMENCEMENT AND TERMINATION

A.    This Agreement shall become effective on January 18 ,2005, and shall remain in force thereafter until terminated as of December 31 of any calendar year by either party sending to the other, by certified mail, not less than six (6) months' prior written notice of its desire to terminate.

B.    In the event of fraud or material breach of any of the conditions or provisions in this Agreement or any other agreement between COMPANY,MGA and GA, on the part of the MGA or GA, this Agreement may be terminated by COMPANY at any time thereafter by written notice effective immediately, and should the GA be in any way indebted to COMPANY at such time, for premium or any other obligation hereunder, such debt or debts shall immediately become due and payable. The COMPANY may suspend the underwriting authority of the GA during the pendency of any dispute regarding the cause of termination. Minor discrepancies in accounting will not be considered delinquent, material or grounds for terminations. Moreover, COMPANY shall notify any state regulator of a termination or suspension pursuant to this paragraph B., as required by applicable law.

C.    In the event of termination of the Agreement, and provided GA has in accordance with the terms of this Agreement, accounted for and paid to COMPANY all moneys due and owing COMPANY, the records of GA and of the local agents, together with use and control of expirations, shall remain the property of GA and the local agents, as their interests may appear, and be left in their undisputed possession.

D.    This Agreement shall be immediately terminated in the event the MGA or GA becomes insolvent and, in such an event, the right of COMPANY to use and profit from the agent plant shall be conceded, and held inviolate, it being further understood that should COMPANY, at its option, effect the collection of moneys from the agents, policyholders or others from whom moneys may be due on account of COMPANY's policies issued through GA, COMPANY shall give GA credit for such sums in their mutual account. This Agreement shall terminate if continuation is found to violate any applicable law or regulation or such termination is required by a state regulatory authority pursuant to a final order.

6

E.    In the event that MGA or GA becomes unable to service the hail policies, GA shall provide to COMPANY complete and unlimited access to all of its facilities, files, data systems (including all GA computer hardware and software programs and applicable licenses), personnel, and related resources and equipment to allow COMPANY itself and/or COMPANY's designee(s) to administer directly, in full compliance with all applicable Federal and state laws, rules and manuals, all aspects of COMPANY's hail policies and claims which GA has agreed to service hereunder and for which COMPANY is ultimately responsible. It is understood that COMPANY, shall have sole discretion to determine whether GA has become unable to service the hail policies or claims at issue. It is further understood, however, that such discretion shall be exercised in good faith and shall be preceded by written notice, which shall be given in as practical a time frame as the particular circumstances permit. Prior to exercising such direct administration, COMPANY shall grant GA ten (10) business days from the date of COMPANY's written notice to allow GA to take remedial or preventative action. Such remedial or preventative action must be completely satisfactory in COMPANY's judgment, and such judgment shall be exercised in good faith.

## SECTION XI – UNDERWRITING GUIDELINES

GA shall accept applications for, and bind or issue, any insurance in accordance with the attached underwriting guidelines in Schedule B furnished by GA to COMPANY, which Schedule is by this reference incorporated herein.

## SECTION XII – CLAIMS SETTLEMENT

A.    GA shall appraise, adjust, compromise, settle, deny and/or pay all losses incurred under policies issued pursuant hereto per all applicable fair claims practices acts, and shall maintain usual and customary records with respect to such loss handling in accordance with the legal requirements of the various states, and other applicable governmental regulatory bodies.

B.    All claims reported must be available for review by COMPANY through the GA's hail system.

In addition, a copy of each claim file will be provided to COMPANY at its request and if GA knows that the claim meets one or more of the following conditions:

5.    The claim has the potential to exceed, or is closed by payment of an amount exceeding, $100,000, or an amount set by the insurance commissioner of the COMPANY's state of domicile, whichever is less;

6.    The claim involves a coverage dispute;

7.    The claim is open for more than three (3) months; or

8.    The claim may exceed the claims settlement authority of GA.

C.  All claims files shall be the joint property of COMPANY and GA.  However, upon an order of liquidation of COMPANY, the files become the sole property of COMPANY or its estate.  GA shall have reasonable access to and the right to copy the files on a timely basis.  In the event electronic claim files exist, transmission of information on said files shall be made available to COMPANY upon request within seven (7) business days.

D.  The claim settlement authority granted GA might be terminated for cause upon COMPANY's written notice to GA or upon the termination of this Agreement.  The COMPANY may suspend the claim settlement authority during the pendency of any dispute regarding the cause for termination.

## SECTION XIII – ERRORS AND OMISSIONS

GA shall obtain an errors and omissions insurance policy with a minimum per occurrence and aggregate limit of $5,000,000.

## SECTION XIV – FIDELITY BOND

GA shall obtain a fidelity bond in a minimum amount of $1,000,000 covering all of its operations and employees.

## SECTION XV – ARBITRATION

COMPANY and GA agree to submit to binding arbitration any and all claims, disputes and controversies between or among them, whether in tort, contract or otherwise (and their respective employees, officers, directors, attorneys, and other agents) arising out of or relating in any way to this Agreement, any related ancillary documents.  However, "Core proceedings" under the United States Bankruptcy Code shall be exempt from arbitration.  Arbitration under this Agreement shall be before a single arbitrator, who shall be a neutral attorney who has practiced in the area of commercial law for at least 10 years, selected in the manner established by the Commercial Arbitration Rules of the AAA.  Such arbitration shall be governed by the Federal Arbitration Act (Title 9 of the United States Code) and shall be conducted in accordance with the American Arbitration Association ("AAA").  The arbitrator shall give effect to statutes of limitation in determining any claim.  Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator.  Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction.

## SECTION XVI – CONTRACT SUBJECT TO APPLICABLE STATE LAW

Notwithstanding anything to the contrary, MGA, GA and COMPANY agree that, with regard to hail, all provisions of this Agreement which address hail shall be deemed modified to conform to the requirements of any applicable rules or regulations of the state, and the business written hereunder and the above contractual provisions are hereby modified accordingly.

## SECTION XVII – INDEMNIFICATION

Each party hereby agrees to indemnify and hold the other party, and its officers, agents, employees or affiliates, harmless from and against all losses, costs, damages and expenses incurred by the other party as a direct or indirect result of errors, omissions, or negligent acts of the indemnifying party and its officers, agents, employees or affiliates.

8

**SECTION XIII – STATUS OF MGA AND GA, ITS EMPLOYEES AND AGENTS**

While performing its duties and responsibilities hereunder, MGA and GA shall be deemed an independent contractor, and COMPANY has no authority or right to control MGA or GA's method of performance. No employees of MGA or GA shall be regarded as employees of the COMPANY, and all agents appointed by the GA shall be regarded as agents of GA and not of COMPANY, except as may be required by applicable statutes.

**SECTION XIX – USE OF NAMES – ADVERTISING**

Neither party shall use the other party's name in any advertisement or other publication without obtaining the other party's prior consent, which consent shall not be unreasonably withheld.

**SECTION XX – MISCELLANEOUS**

MGA may not assign this Agreement in whole or in part to any other party. MGA will use the GA as its exclusive producing agency and GA shall provide its marketing, claims, underwriting, policy processing, premium collection, quality assurance and other administrative services, as hereinafter set forth, on behalf of MGA in connection with the administration of policies, claims and required audits and inspections arising out of certain hail policies issued by COMPANY.

A.    COMPANY may assign this agreement only with the prior written consent of MGA and GA.

B.    This Agreement may not be modified verbally, nor may it be modified by any subsequent practice or course of dealing by the parties, or in any manner other than in writing signed by the parties hereto. No forbearance or neglect on the part of either party to enforce any of the provisions of this Agreement shall be construed as a waiver of any of its rights or privileges hereunder, unless in each instance a written memorandum specifically expressing such waiver be made and subscribed by an officer of such party. No such waiver shall modify this Agreement or affect the rights of either party with respect to any subsequent default or failure of performance by either party.

C.    This Agreement supersedes all previous agreements, either oral or written, between the parties hereto regarding the terms and conditions of the parties general agency relationship.

D.    This Agreement may be executed in counterparts, each of which shall be deemed an original but all such counterparts together shall constitute one and the same instrument.

E.    The recitals stated above are by this reference incorporated into and made part of this Agreement.

**SECTION XXI - NOTICES**

A.    All notices and other communications under this Agreement shall be in writing and shall be deemed given when received at the addresses set forth below (or to such other address as a party may have specified by notice given to the other party pursuant to this provision):

If to COMPANY:

Occidental Fire & Casualty Company of North Carolina
Attention: Michael D. Blinson, Secretary
702 Oberlin Road
Raleigh, NC 27605

And

McM Group
Attention: Kenneth C. Coon, Senior Vice President
302 South 36th Street, Suite 500
Omaha, NE 68131

If to MGA:

Crop USA Insurance Agency, Inc.
Attention: Kent Peterson
111 Main St.
Lewiston, Id. 83501

And

Crop 1 Insurance Direct, Inc
Attention: Billy Rose, CEO
4532 114th Street
Des Moines, Iowa 50322

10

In testament to their acceptance of and agreement to the terms of this Agreement and attached schedules, this Agreement has been executed on the behalf of the parties hereto.

## Crop USA Insurance Agency, Inc.
### (the "MGA")

Date: 1/21/05

By: _____

Its: _____

## Occidental Fire & Casualty Company of North Carolina
### (the "COMPANY")

Date: 1/27/05

By: _____

Its: Senior Vice President

## Crop1 Insurance Direct, Inc.
### (the "GA")

Date: 1/18/05

By: Billy Rose

Its: CEO

11

## Schedule A

### Attached to and forming part of the

### GENERAL AGENCY AGREEMENT

### States MGA is authorized to write hail business for the COMPANY

Iowa
Illinois
Indiana
Minnesota
Michigan
Nebraska
Texas
Wisconsin
Washington

12

**Schedule B**

Attaching to and forming a part of the

### GENERAL AGENCY AGREEMENT

#### 2005 Crop Season Underwriting Guidelines

Pursuant to Section VI of the attached General Agency Agreement, of which this Addendum is a part, COMPANY and GA further agree that:

GA will follow the established hail underwriting guidelines designated for the 2005 insurance year, which includes policies falling in the 2005 reinsurance year. If the terms of this addendum are not changed in writing, this schedule will remain in force for succeeding crop years. COMPANY may expand these limitations by providing prior written notice to GA.

1)     The maximum annual hail gross premium volume (direct written premium, net of cancellations and return premiums) that GA may write on behalf of COMPANY in any contract year is $10 million.

2)     The rules and rates to be utilized by the GA in underwriting the insurance are those which have been approved for use by the Company and by the insurance department of the states in which insurance is to be written. A copy of said rules and rates shall be maintained on file at the offices of the GA. These rules and rates cannot be changed, or deviated from, without the consent of the Company.

3)     The maximum insurance coverage that may be provided under any policy issued by the GA is $100,000 per risk and $500,000 in any one county. Limits in excess of those listed above must have Company approval.

4)     Insurance coverage shall be evidenced pursuit to the policy form(s) which have been approved for use by the Company and which shall be maintained on file at the offices of the GA.

5)     No coverage may be issued for a policy period in excess of twelve months.

6)     The GA may produce hail business in the territories listed in Schedule A.

7)     The Company reserves the right to cancel or non-renew any insurance, subject to requirements imposed by law and any policy provision, without specifying the reason therefore and without liability to the GA or it agents.

8)     The Company may suspend the GA or MGA's underwriting authority during the pendency of any dispute regarding cause for termination.

# EX. 2

**United States Department of Agriculture**

**USDA**

**Risk Management Agency**

**Product Development Division**

**FCIC 24040**

# 2004 Document and Supplemental Standards Handbook (DSSH)

**FCIC-24040**                                                                    **JULY 2003**

**13    REVIEW OF NON-REINSURED SUPPLEMENTAL (NRS) CROP INSURANCE POLICIES**

Supplemental policies will be reviewed to determine that it is not likely to increase or shift risk to the underlying policy or plan of insurance, reduce or limit the rights of insureds, or cause market disruption.

A    RMA's Product Development Division will have 45 days to review the policies, provided all information required by RMA is included in the initial submission of the policy package.

B    Data requirements for Data Acceptance System (DAS) edits for supplemental policies will be specified in the DAS Handbook.  Minimum data requirements for the DAS are established within a unique DAS Type 50 Record.

**JULY 2003**                                                                                      **FCIC-24040**

Reserved

**FCIC-24040**                                                    **JULY 2003**

# DOCUMENT AND SUPPLEMENTAL
# STANDARDS HANDBOOK
# EXHIBITS

**JULY 2003**                                                    **FCIC-24040**

Reserved

**FCIC-24040**                    **EXHIBIT 1**                    **JULY 2003**

## APPLICATION FOR INSURANCE STATEMENT

Subject to the provisions of the Federal Crop Insurance Act and the regulations issued under that Act, I hereby apply for insurance on my share of the crops as specified below for the crop year. I understand that my share of all the crop grown on insurable land in the county (or state if the all county option question is marked "yes") as of the acreage reporting date must be insured. I also understand that the location of land which is not insurable, premium rates, applicable deadlines, and production guarantees or amounts of insurance are on file and available for my inspection in my agent's office. I further understand that no insurance will be available on a crop unless this application is completed and filed by the sales closing date for the crop. I also further understand that, although insurance under this application is continuous from year to year, policy terms, premium rates, production guarantees or amounts of insurance, and price elections may change from year to year. All changes will be available in my agent's office prior to the contract change date.

**JULY 2003**                    **EXHIBIT 2**                    **FCIC-24040**

## CONDITIONS OF ACCEPTANCE STATEMENTS

**CONDITIONS OF ACCEPTANCE:** This application is accepted and insurance attaches in accordance with the policy unless: (1) The Federal Crop Insurance Corporation determines that, in accordance with the regulations, the risk is excessive; (2) any material fact is omitted, concealed or misrepresented in this application or in the submission of this application; (3) you have failed to provide complete and accurate information required by this application; or (4) the answer to any of the following questions is "yes." An answer of yes to these questions does not automatically result in rejection of the application. For example, if you answer yes to question (a) but your debt was discharged in bankruptcy, the application would not be rejected.

Yes No

___ ___ (a)    Are you now indebted and the debt is delinquent for crop insurance coverage under the Federal Crop Insurance Act?

___ ___ (b)    Have you in the last five years been convicted under federal or state law of planting, cultivating, growing, producing, harvesting, or storing a controlled substance?

___ ___ (c)    Have you ever had crop insurance terminated for violation of the terms of the contract or regulations, or for failure to pay your indebtedness?

___ ___ (d)    Are you disqualified or debarred under the Federal Crop Insurance Act, the regulations of the Federal Crop Insurance Corporation, or the United States Department of Agriculture?

___ ___ (e)    Have you ever entered into an agreement with the Federal Crop Insurance Corporation or with the Department of Justice that you would refrain from participating in the crop insurance program and that agreement is still effective?

___ ___ (f)    Do you have like insurance on any of the above crops?

I understand that if coverage for any crop is currently terminated or would have subsequently terminated for indebtedness had this application been filed after the termination date, no coverage can be provided and I am ineligible for any benefits under the Federal Crop Insurance Act until the cause for termination is corrected.

We will notify you of rejection by depositing notification in the United States mail, postage paid, to the applicant's address. Unless rejected or the sales closing date has passed at the time you signed this application, insurance shall be in effect for the crops and crop years specified and shall continue for each succeeding crop year, unless otherwise specified in the policy, until canceled, terminated or voided. The insurance contract, which includes the accepted application, is defined in the regulation published at 7 CFR chapter IV. No term or condition of the contract shall be waived or changed unless such waiver or change is expressly allowed by the contract and is in writing.

15

**FCIC-24040**              **EXHIBIT 3**              **JULY 2003**

### REINSURANCE STATEMENT

This insurance policy is reinsured by the Federal Crop Insurance Corporation (FCIC) under the provisions of the Federal Crop Insurance Act, as amended (7 U.S.C. 1501 <u>et</u> <u>seq</u>.)(Act). All provisions of the policy and rights and responsibilities of the parties are specifically subject to the Act. The provisions of the policy are published in the <u>Federal</u> <u>Register</u> and codified in chapter IV of title 7 of the Code of Federal Regulations (CFR) under the Federal Register Act (44 U.S.C. 1501 <u>et</u> <u>seq</u>.), and may not be waived or varied in any way by the crop insurance agent or any other agent or employee of FCIC or the company. In the event we cannot pay your loss, your claim will be settled in accordance with the provisions of this policy and paid by FCIC. No state guarantee fund will be liable for your loss.

Through out this policy, "you" and "your" refer to the named insured shown on the accepted application and "we," "us," and "our" refer to the insurance company providing insurance. Unless the context indicates otherwise, use of the plural form of a word includes the singular and use of the singular form of the word includes the plural.

**JULY 2003**                          **EXHIBIT 4**                          **FCIC-24040**

### FALSE CLAIM STATEMENT

The information I have furnished on this form is complete and accurate.  I understand
that any false or inaccurate information may result in the sanctions outlined in my policy
and administrative, civil, and criminal sanctions under 18 U.S.C. §§1006 and 1014, 7
U.S.C. § 1506, 31 U.S.C. §§ 3729 and 3730 and other federal statutes.

**FCIC-24040**                    **EXHIBIT 5**                    **JULY 2003**

## ACREAGE REPORT
## CERTIFICATION STATEMENT

I submit this report as required for the above identified policy and certify that to the best of my knowledge and belief the information is correct and includes my entire interest in all acreage of the reported crops planted in the county(ies) and that of any person sharing in any crops insured under my policy.  I also understand that failure to report completely and accurately may result in voidance of my crop insurance contract and may result in criminal or civil false claims penalties (18 U.S.C. 1006 and 1014; 7 U.S.C. 1506; 31 U.S.C. 3729, and 3730).

**JULY 2003**                    **EXHIBIT 6**                    **FCIC-24040**

### COLLECTION OF INFORMATION AND DATA (PRIVACY ACT)

To the extent that the information requested herein relates to your individual capacity as opposed to your business capacity, the following statements are made in accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a). The authority for requesting information to be furnished on this form is the Federal Crop Insurance Act, (7 U.S.C. 1501 et seq.) and the Federal crop insurance regulations contained in 7 C.F.R. chapter IV.

Collection of the social security account number (SSN) or the employer identification number (EIN) is authorized by section 506 of the Federal Crop Insurance Act (7 U.S.C. 1506), and is required as a condition of eligibility for participation in the Federal crop insurance program. The primary use of the SSN or EIN is to correctly identify you, and any other person with an interest in you or your entity of 10 percent or more, as a policyholder within the systems maintained by the Federal Crop Insurance Corporation (FCIC). Furnishing the SSN or EIN is voluntary; however, failure to furnish that number will result in denial of program participation and benefits.

The balance of the information requested is necessary for the insurance company and RMA to process this form to: provide insurance; provide reinsurance; determine eligibility; determine the correct parties to the agreement; determine and collect premiums or other monetary amounts (including administrative fees and over payments); and pay benefits. The information furnished on this form will be used by Federal agencies, RMA employees, insurance companies, and contractors who require such information in the performance of their duties. The information may be furnished to: RMA contract agencies, employees and loss adjusters; reinsured companies; other agencies within the United States Department of Agriculture; The Department of Treasury including the Internal Revenue Service; the Department of Justice, or other Federal or State law enforcement agencies; credit reporting agencies and collection agencies; other Federal agencies as requested in computer matching programs; and in response to judicial orders in the course of litigation. The information may also be furnished to congressional representatives and senators making inquiries on your behalf. Furnishing the information required by this form is voluntary; however, failure to report the correct and complete information requested may result in rejection of this form; rejection of any claim for indemnity, replanting payment, or other benefit; ineligibility for insurance; and a unilateral determination of any monetary amounts due.

**FCIC-24040**                     **EXHIBIT 7**                     **JULY 2003**

### NONDISCRIMINATION STATEMENT

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require  alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at  (202) 720-2600 (voice and TDD).

To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD).  USDA is an equal opportunity provider and employer.

**JULY 2003**                          **EXHIBIT 8**                          **FCIC-24040**

## APPLICATION FORM

1      **APPLICANT INFORMATION**

A       "Applicant's Name"  (Substantive)

B       "Applicant's Authorized Representative"  (Substantive)

C       "Street or Mailing Address"  (Substantive)

D       "City and State"  (Substantive)

E       "Zip Code"  (Substantive)

F       "Applicant's Telephone Number"  (Substantive)

G       "State and County Name"  (Substantive)

**NOTE:  The entry for "State and County Name" must be the state and county name where insurance attaches.  Form-completion procedures must provide this information.**

**An option is allowed on the application that permits an applicant to obtain coverage for Category B crops (excluding forage production) listed on the application in any county added after the sale closing date.  If Insurance Providers elect to include this option on the application, one or both of the following statements must appear on the application: "Substantive"**

**[  ] Yes [  ] No    I request insurance coverage for my share of the Category B crops (except forage production) specified below with a designated county in all added counties where the crops are insurable.**

**[  ] Yes [  ] No    I request insurance coverage for my share of the Category B crops (except forage production) specified below with a designated county in all added counties where the crops are insurable within the state.**

**Guidelines to administer this option are found in the 18010 Crop Insurance Handbook, Section 4.**

H       "Policy Number"  (Substantive)

I        "Tax Identification Number and type of Tax Identification Number" (Substantive)

21

**FCIC-24040**                    **EXHIBIT 8**                    **JULY 2003**

> **NOTE:  Form-completion procedures must provide instructions to enter the appropriate identification number and identify the type of number as illustrated in (1) or (2) below.**

(1)  "SSN/EIN/Other (Circle One):"

(2)  "? SSN  ? EIN  ? Other (Check One):"

J  "Type of Entity:"  (Substantive)

> **NOTE:  Form-completion procedures must provide instructions to enter the specific type of entity, (i.e., partnership; trust; individual; joint-interest; corporation; etc) not entity code. This entry is verified for accuracy during applicable RMA and insurance providers review and at loss adjustment time. Insurance providers are required to electronically transmit the type of entity code, as defined in the M-13 Handbook, to RMA.**

K  "Spouse's Name" (Substantive)

L  "Spouse's SSN" (Substantive)

M  "Is applicant at least 18 years old?  Yes __ No __" (Substantive)

N  "Is applicant insuring the tenant's share? Yes __ No __" (Substantive)

O  "Is applicant insuring the landlord's share? Yes __ No __" (Substantive)

**2  CROP INFORMATION**

A  "Effective Crop Year"  (Substantive)

B  "Name of Crop"  (Substantive)

C  "Options" or "Optional Coverage"  (Substantive)

D  "Type, Class, Etc." (Substantive)

E  "Price Election" or "Amount of Insurance"  (Substantive)

F  "Level Election" or "Coverage Level"  (Substantive)

G  "Plan of Insurance" (APH, CRC, GRP, IP, AGR, etc.)  (Substantive)

H  "Designated County"  (Substantive)

**3  OTHER INFORMATION AND SIGNATURES**

**JULY 2003**                    **EXHIBIT 8**                    **FCIC-24040**

A    "Name of Previous Carrier (if any)"  (Substantive)

B    "Policy Number under Previous Carrier (if any)"  (Substantive)

C    Certification statement above Applicant's Signature line: (Substantive)

"I certify that the information and answers on this application are correct to my knowledge and belief; that none of the reasons for rejection in items 1 through 4 of the 'Conditions of Acceptance' apply; and that I am aware of and understand the requirements of the Collection of Information and Data (Privacy Act), as well as all other provisions contained on this application."

D    "Applicant's Signature"  (Substantive)

E    "Date" (of Applicant's Signature)  (Substantive)

F    "Agent's Signature, Date and Code Number"  (Substantive)

**NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

I.B. Agent_____        12RMA34___
(Agent's Signature) (Date)           (Code Number)

OR

I.B. Agent_____        I.B. Agent___
(Agent's Signature) (Date)           (Print Name of Agent Completing Form)

G    "Agent's Address"  (Non-Substantive)

H    "Agent's Telephone Number"  (Substantive)

I    "Page _____of_____"  (Substantive)

J    "List all persons or entities with 10 percent or more interest in the applicant" (include landlords or tenants insured under the applicant). If none, state NONE. (See reverse side for additional space.)

Required Information:  (Substantive)  See note below.

1. Name
2. Address

23

**FCIC-24040**                    **EXHIBIT 8**                    **JULY 2003**

     3. Phone
     4. Enter Code and Number
       S=SSN/E=EIN/O=OTHER
     5. Type of Entity

     **NOTE:  This item is not required if an approved SSN/EIN form is
              used to record this information.**

K    "Insurance Provider's Name and Address"

     "Insurance Provider's Name (spelled out) as found on the Standard
     Reinsurance Agreement."  (Substantive)

     "Insurance Provider's Address" as found on the Standard Reinsurance
     Agreement.  (Non-Substantive provided this information is supplied to the
     insured with the policy or policy jacket at time of issue. If not provided on
     either of these documents, the address is Substantive).

L    "Form Identification Number (alpha and/or numeric)"  (Substantive)

M   "Form Title"   (Substantive)

**4    REQUIRED STATEMENTS**

A    Application for Insurance Statement.  See Exhibit 1.  (Substantive)

B    Conditions of Acceptance Statements.  See Exhibit 2.  (Substantive)

C    Reinsurance Statement.  See Exhibit 3.  (Substantive)

D    False Claim Statement.  See Exhibit 4.  (Substantive)

E    Privacy Act Statement.  See Exhibit 6.  (Substantive)

     (1)    Include the Privacy Act statement on the form or make available as
          a separate document.

          **NOTE: If the Privacy Act statement is provided as a separate
               document, evidence of receipt of this statement must
               be shown by securing the signature and date of
               applicant/insured on a copy retained by the insurance
               provider.  This process must be completed for each
               document that requires the Privacy Act statement.**

     (2)    If the Privacy Act statement is on the back of the form, add the
          following statement to the front of the form:  "See reverse side of
          form for statement required by Privacy Act of 1974."
          (Substantive)

**JULY 2003**                    **EXHIBIT 8**                    **FCIC-24040**

    F      Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**5**    **(RESERVED)**

**FCIC-24040**                 **EXHIBIT 9**                  **JULY 2003**

### APPLICATION/CANCELLATION AND TRANSFER FORM

**1     GENERAL INFORMATION**

This form must be designed and/or have explicit forms-completion procedures which provide that the applicant's/insured's original signature is on the application portion that is retained by the assuming Insurance Provider. The form should be designed to allow all application information to appear on a carbon copy. The cancellation/transfer portion of the form must be in a box (see Section 4) and have the following statement at the top of the box. "TO BE COMPLETED ONLY IF CANCELING PREVIOUS POLICY AND TRANSFERRING EXPERIENCE AND INSURANCE COVERAGE FROM ANOTHER INSURANCE PROVIDER." (Substantive)

**2     APPLICANT INFORMATION**

A      "Applicant's Name" (Substantive)

B      "Applicant's Authorized Representative" (Substantive)

C      "Street or Mailing Address" (Substantive)

D      "City and State" (Substantive)

E      "Zip Code" (Substantive)

F      "Applicant's Telephone Number" (Substantive)

G      "State and County Name" (Substantive)

**NOTE: The entry for the "State and County Name" must be the state and county name where insurance attaches. Form-completion procedures must provide this information.**

**An option is allowed on the application that permits an applicant to obtain coverage for Category B crops (excluding forage production) listed on the application in any county added after the sale closing date. If Insurance Providers elect to include this option on the application, one or both of the following statements must appear on the application: "Substantive"**

**[ ] Yes [ ] No   I request insurance coverage for my share of the Category B crops (except forage production) specified below with a designated county in all added counties where the crops are insurable.**

**[ ] Yes [ ] No   I request insurance coverage for my share of the Category B crops (except forage production)**

**specified below with a designated county in all added counties where the crops are insurable within the state.**

**Guidelines to administer this option are found in the 18010 Crop Insurance Handbook, Section 4.**

H    "Policy Number" (Substantive)

I    "Tax Identification Number and type of Tax Identification Number" (Substantive)

NOTE: **Form-completion procedures must provide instructions to enter the appropriate identification number and identify the type of number as illustrated in (1) or (2) below.**

(1)    "SSN/EIN/Other (Circle One):"

(2)    "? SSN ? EIN ? Other (Check One):"

J    "Type of Entity:" (Substantive).

NOTE:    **Form-completion procedures must provide instructions to enter the specific type of entity, (i.e., partnership; trust; individual; joint-interest; corporation; etc) not entity code. This entry is verified for accuracy during applicable RMA and insurance providers review and at loss adjustment time. Insurance providers are required to electronically transmit the type of entity code, as defined in the M-13 Handbook, to RMA.**

K    "Spouse's Name" (Substantive)

L    "Spouse's SSN" (Substantive)

M    "Is applicant at least 18 years old? Yes __ No __" (Substantive)

N    "Is applicant insuring the tenant's share? Yes __ No __" (Substantive)

O    "Is applicant insuring the landlord's share? Yes __ No __" (Substantive)

3    **CROP INFORMATION**

A    "Effective Crop Year" (Substantive)

B    "Name of Crop" (Substantive)

C    "Options" or "Optional Coverage" (Substantive)

**FCIC-24040**  **EXHIBIT 9**  **JULY 2003**

D    "Type, Class, or Etc." (Substantive)

E    "Price Election" or "Amount of Insurance" (Substantive)

F    "Level Election" or "Coverage Level" (Substantive)

G    "Plan of Insurance" (APH, CRC, GRP, IP, AGR, etc.) (Substantive)

H    "Designated County" (Substantive)

**4    CANCELLATION/TRANSFER OF EXPERIENCE INFORMATION**

"TO BE COMPLETED (CHECK BOX) ONLY IF CANCELING PREVIOUS
POLICY AND TRANSFERRING THE EXPERIENCE AND INSURANCE
COVERAGE FROM ANOTHER INSURANCE PROVIDER." (Substantive)

---

? Yes, I request cancellation of my previous policy and request transfer of
experience and insurance coverage to the Assuming Insurance Provider
shown on this application.

"I hereby request cancellation of my crop insurance policy for the crop(s) and
crop year as shown on this application. I understand that if this form is not
executed on or before the cancellation date for any crop year listed, the
cancellation of insurance on such crop(s) will not become effective until the
following crop year. I hereby authorize and direct the ceding insurance
provider shown to furnish any information relative to my insurance policy to
(Assuming Insurance Provider Name). I understand that if coverage for any
crop(s) is now terminated or would have subsequently terminated for
indebtedness had this transfer not occurred no coverage can be provided by
the Assuming Insurance Provider." (Substantive)

---

**NOTE: Item 4 above must be placed within a box above the application's
insured's signature line and date.**

**5    OTHER INFORMATION AND SIGNATURES**

A    Certification statement above Applicant's Signature line:

"I certify that the information and answers on this application are correct to
my knowledge and belief; that none of the reasons for rejection in items 1
through 4 of the "Conditions of Acceptance" apply; and that I am aware of
and understand the requirements of the Collection of Information and Data
(Privacy Act), as well as all other provisions contained on this application."

**JULY 2003**            **EXHIBIT 9**            **FCIC-24040**

(Substantive)

B     "Applicant's Signature"  (Substantive)

C     "Date" (of Applicant's Signature)  (Substantive)

D     "Agent's Signature, Date and Code Number" (Substantive)

**NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

I.B. Agent_____     12RMA34____
(Agent's Signature) (Date)     (Code Number)

OR

I.B. Agent_____     I.B. Agent___
(Agent's Signature) (Date)     (Print Name of Agent Completing Form)

E     "Agent's Address"  (Non-Substantive)

F     "Agent's Telephone Number"  (Substantive)

G     "Page ____of_____"  (Substantive)

H     "List all persons or entities with 10 percent or more interest in the applicant" (include landlords or tenants insured under the applicant). If none, state NONE. (See reverse side for additional space.)

Required Information:  (Substantive)  See note below.

1. Name
2. Address
3. Phone
4. Enter Code and Number
   S=SSN/E=EIN/O=OTHER
5. Type of Entity

**NOTE:    This item is not required if an approved SSN/EIN form is used to record this information.**

I     "Insurance Provider's Name and Address"

"Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement."  (Substantive)

29

**FCIC-24040**                    **EXHIBIT 9**                    **JULY 2003**

"Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive, provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is Substantive).

J       "Form Identification Number (alpha and/or numeric)"  (Substantive)

K       "Form Title"  (Substantive)

**6       REQUIRED STATEMENTS**

A       Application for Insurance Statement.  See Exhibit 1.  (Substantive)

B       Conditions of Acceptance Statements.  See Exhibit 2.  (Substantive)

C       Reinsurance Statement.  See Exhibit 3.  (Substantive)

D       False Claim Statement.  See Exhibit 4.  (Substantive)

E       Privacy Act Statement.  See Exhibit 6.  (Substantive)

  (1)     Include the Privacy Act statement on the form or make available as a separate document.

          **NOTE:  If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by securing the signature and date of applicant/insured on a copy retained by the insurance provider.  This process must be completed for each document that requires the Privacy Act statement.**

  (2)     If the Privacy Act statement is on the back of the form, add the following  statement to the front of the form: "See reverse side of form for statement required by Privacy Act of 1974."  (Substantive)

F       Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**7       RESERVED**

**JULY 2003**                          **EXHIBIT 10**                          **FCIC-24040**

## APPLICATION/ACREAGE REPORT FORM

**1**    **APPLICANT INFORMATION**

    A    "Applicant's Name"  (Substantive)

    B    "Applicant's Authorized Representative"  (Substantive)

    C    "Street or Mailing Address"  (Substantive)

    D    "City and State"  (Substantive)

    E    "Zip Code"  (Substantive)

    F    "Applicant's Telephone Number"  (Substantive)

    G    "State and County Name"  (Substantive)

        **NOTE:  The entry for the "State and County Name" must be the state and county name where insurance attaches.  Form-completion procedures must provide this information.**

        **An option is allowed on the application that permits an applicant to obtain coverage for Category B crops (excluding forage production) listed on the application in any county added after the sale closing date.  If Insurance Providers elect to include this option on the application, one or both of the following statements must appear on the application: "Substantive"**

        **[ ] Yes  [ ] No    I request insurance coverage for my share of the Category B crops (except forage production) specified below with a designated county in all added counties where the crops are insurable.**

        **[ ] Yes  [ ] No    I request insurance coverage for my share of the Category B crops (except forage production) specified below with a designated county in all added counties where the crops are insurable within the state.**

        **Guidelines to administer this option are found in the 18010 Crop Insurance Handbook, Section 4.**

    H    "Policy Number"  (Substantive)

    I    "Tax Identification Number and type of Tax Identification Number" (Substantive)

**FCIC-24040**                    **EXHIBIT 10**                    **JULY 2003**

> **NOTE: Form-completion procedures must provide instructions to enter the appropriate identification number and identify the type of number as illustrated in (1) or (2) below.**

   (1)    "SSN/EIN/Other (Circle One):"

   (2)    "? SSN ? EIN ? Other (Check One):"

J     "Type of Entity:" (Substantive)

> **NOTE:** **Form-completion procedures must provide instructions to enter the specific type of entity, (i.e., partnership; trust; individual; joint-interest; corporation; etc) not entity code. This entry is verified for accuracy during applicable RMA and insurance providers review and at loss adjustment time. Insurance providers are required to electronically transmit the type of entity code, as defined in the M-13 Handbook, to RMA.**

K     "Spouse's Name" (Substantive)

L     "Spouse's SSN" (Substantive)

M    "List all persons or entities with 10 percent or more interest in the applicant" (include landlords or tenants insured under the applicant). If none, state NONE. (See reverse side for additional space.)

       Required Information: (Substantive)  See note below.

1. Name
2. Address
3. Phone
4. Enter Code and Number
   S=SSN/E=EIN/O=OTHER
5. Type of Entity

> **NOTE: This item is not required if an approved SSN/EIN form is used to record this information.**

N    "Is applicant at least 18 years old? Yes __ No __" (Substantive)

O    "Is applicant insuring the tenant's share? Yes __ No __" (Substantive)

P    "Is applicant insuring the landlord's share? Yes __ No __" (Substantive)

**2      CROP INFORMATION**

A      "Effective Crop Year"  (Substantive)

B      "Name of Crop"  (Substantive)

C      "Plan of Insurance" (APH, CRC, GRP, IP, AGR, etc.)  (Substantive)

D      "Options" or "Optional Coverage"  (Substantive)

E      "Type, Class, Etc."  (Substantive)

F      "Section", "Township", and "Range"  (Substantive)

G      "FSA Farm Serial Number"  (Substantive)

H      "Planted Acres of Insured Crop"  (Substantive)

     **NOTE:  Divide column and label "Whole" and "10ths or 100ths" underneath "Acres of insured crop."  (Non-Substantive)**

I      "Insured's Share"  (Substantive)

J      "Name of Other Person(s) Sharing in the Crop"  (Substantive)

K      "Date Planting Completed"  (Substantive)

L      "Practice"  (Substantive)

M      "Classification Number"  (Substantive)

N      "Unit Number" (Substantive)

O      "Price Election" or "Amount of Insurance"  (Substantive)

P      "Level Election" or "Coverage Level" (Substantive)

Q      "Designated County"  (Substantive)

**3      OTHER INFORMATION AND SIGNATURES**

A      "Name of Previous Carrier (if any)"  (Substantive)

B      "Policy Number under Previous Carrier (if any)"  (Substantive)

C      "Uninsured Acres"  Create block area for this with an area large enough to

record crop, acres, legal locations of the uninsured acreage, and the reason acreage is uninsured.  (Non-Substantive, but **highly recommended**)

D       "Remarks Section"  (Substantive)

        **Create an area large enough to document pertinent information and the number of uninsured acres if a specific block area for recording uninsured acres is not developed.**

E       Certification statement above Applicant's Signature line: (Substantive)

        "I certify that the information and answers on this application/acreage report are correct to my knowledge and belief; that none of the reasons for rejection in items 1 through 4 of the "Conditions of Acceptance" apply; and that I am aware of and understand the requirements of the Collection of Information and Data (Privacy Act), as well as all other provisions contained on this application."

F       "Applicant's Signature"  (Substantive)

G       "Date" (of Applicant's Signature)  (Substantive)

H       "Agent's Signature, Date and Code Number" (Substantive)

        **NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

        I.B. Agent _____          12RMA34 _____
        (Agent's Signature) (Date)          (Code Number)

        OR

        I.B. Agent _____          I.B. Agent _____
        (Agent's Signature) (Date)          (Print Name of Agent Completing Form)

I       "Agent's Address"  (Substantive)

J       "Agent's Telephone Number"  (Substantive)

K       "Page _____ of_____ "  (Substantive)

L    "Insurance Provider's Name and Address"

"Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement." (Substantive)

"Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is Substantive).

M    "Form Identification Number (alpha and/or numeric)" (Substantive)

N    "Form Title" (Substantive)

## 4    REQUIRED STATEMENTS

A    Application for Insurance Statement.  See Exhibit 1.  (Substantive)

B    Conditions of Acceptance Statements.  See Exhibit 2.  (Substantive)

C    Reinsurance Statement.  See Exhibit 3.  (Substantive)

D    Acreage Report Certification Statement.  See Exhibit 5.  (Substantive)

E    Privacy Act Statement.  See Exhibit 6.  (Substantive)

(1)    Include the Privacy Act Statement on the form or make available as a separate document.

**NOTE:  If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by securing the signature and date of applicant/insured on a copy retained by the insurance provider.  This process must be completed for each document that requires the Privacy Act statement.**

(2)    If the Privacy Act statement is on the back of the form, add the following statement to the front of the form: "See reverse side of form for statement required by Privacy Act of 1974." (Substantive)

F    Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

## 5    (RESERVED)

**FCIC-24040**                          **EXHIBIT 11**                          **JULY 2003**

## ACREAGE REPORT FORM

**1    INSURED INFORMATION**

    A    "Insured's Name"  (Substantive)

    B    "Street or Mailing Address"  (Non-Substantive)

    C    "City and State"  (Non-Substantive)

    D    "Zip Code"  (Non-Substantive)

    E    "Spouse's Name" (Non-Substantive)

    F    "Spouse's SSN" (Non-Substantive)

    G    "State and County Name"  (Substantive)

        **NOTE:  The entry for "State and County Name" must be the state and county name where insurance attaches.  Form-completion procedures must provide this information.**

    H    "Crop Year"  (Substantive)

    I    "Crops Insured" (List all crops insured whether reporting acres or not.) (Substantive)

    J    "Policy Number"  (Substantive)

**2    AGENT INFORMATION**

    A    "Agent's Name"  (Non-Substantive)

    B    "Street or Mailing Address"  (Non-Substantive)

    C    "City and State"  (Non-Substantive)

    D    "Zip Code"  (Non-Substantive)

**3    CROP INFORMATION**

    A    "Section", "Township", and "Range"  (Substantive)

    B    "FSA Farm Serial Number"  (Substantive)

    C    "Name of Crop" (Substantive)

    D    "Planted Acres of Insured Crop"  (Substantive)

> **NOTE:  Divide column and label "Whole" and "10ths or 100ths" underneath "Acres of Insured Crop."   (Non-Substantive)**

E     "Insured's Share"  (Substantive)

F     "Name of Other Person(s) Sharing in the Crop"  (Substantive)

G     "Date Planting is Completed"  (Substantive)

H     "Practice"  (Substantive)

I     "Type, Class, Etc."  (Substantive)

J     "Classification Number"  (Substantive)

K     " Plan of Insurance" (APH, CRP, GRP, IP, AGR, etc.) (Substantive)

L     "Unit Number" (Substantive)

**4     OTHER INFORMATION AND SIGNATURES**

A     "Uninsured Acres"  Create block area for this with an area large enough to record crop, acres, legal locations of the uninsured acreage, and the reason acreage is uninsured.   (Non-Substantive, but **highly recommended**.)

B     "Remarks Section"  (Substantive)

> **Create an area large enough to document pertinent information and the number of uninsured acres if a specific block area for recording uninsured acres is not developed.**

C     "Insured's Signature"  (Substantive)

D     "Date" (of Insured's Signature)  (Substantive)

E     "Agent's Signature, Date and Code Number" (Substantive)

> **NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

I.B. Agent _____          12RMA34 ___
(Agent's Signature) (Date)          (Code Number)

OR

**FCIC-24040**                          **EXHIBIT 11**                          **JULY 2003**

I.B. Agent _____          I.B. Agent ___
(Agent's Signature) (Date)            (Print Name of Agent Completing
                                      Form)

F     "Page____of_____" (Substantive)

G     "Insurance Provider's Name and Address"

      "Insurance Provider's Name (spelled out) as found on the Standard
      Reinsurance Agreement." (Substantive)

      "Insurance Provider's Address" as found on the Standard Reinsurance
      Agreement. (Non-Substantive provided this information is supplied to the
      insured with the policy or policy jacket at time of issue. If not provided on
      either of these documents, the address is Substantive).

H     "Form Identification Number (alpha and/or numeric)" (Substantive)

I     "Form Title" (Substantive)

**5     REQUIRED STATEMENTS**

A     Acreage Report Certification Statement. See Exhibit 5. (Substantive)

B     False Claim Statement. See Exhibit 4. (Substantive)

C     Privacy Act Statement. See Exhibit 6. (Substantive)

      (1)   Include the Privacy Act statement on the form or make available as
            a separate document.

            **NOTE: If the Privacy Act statement is provided as a separate
                    document, evidence of receipt of this statement must
                    be shown by securing the signature and date of
                    applicant/insured on a copy retained by the insurance
                    provider. This process must be completed for each
                    document that requires the Privacy Act statement.**

      (2)   If the Privacy Act statement is on the back of the form, add the
            following statement to the front of the form: "See reverse side of
            form for statement required by Privacy Act of 1974."
            (Substantive)

D     Nondiscrimination Statement. See Exhibit 7. (Substantive)

**JULY 2003**                 **EXHIBIT 12**                 **FCIC-24040**

## POLICY CHANGE FORM

**1    INSURED INFORMATION**

    A    "Insured's Name" (Substantive)

    B    "Insured's Authorized Representative" (Substantive)

    C    "Street or Mailing Address" (Non-Substantive)

    D    "City and State" (Non-Substantive)

    E    "Zip Code" (Non-Substantive)

    F    "State and County Name " (Substantive)

    **NOTE: The entry for the "State and County Name" must be the state and county name where insurance attaches. Form-completion procedures must provide this information.**

    **An option is allowed on the application that permits an applicant to obtain coverage for Category B crops (excluding forage production) listed on the application in any county added after the sale closing date. If Insurance Providers elect to include this option on the application, one or both of the following statements must appear on the application: "Substantive"**

    **[ ] Yes [ ] No    I request insurance coverage for my share of the Category B crops (except forage production) specified below with a designated county in all added counties where the crops are insurable.**

    **[ ] Yes [ ] No    I request insurance coverage for my share of the Category B crops (except forage production) specified below with a designated county in all added counties where the crops are insurable within the state.**

    **Guidelines to administer this option are found in the 18010 Crop Insurance Handbook, Section 4.**

    G    "Policy/Contract Number" (Substantive)

    H    "Tax Identification Number and type of Tax Identification Number" (Substantive)

    **NOTE: Form-completion procedures must provide instructions to enter the appropriate identification number and identify the type of number as illustrated in (1) or (2) below.**

**FCIC-24040**                 **EXHIBIT 12**                 **JULY 2003**

> (1)  "SSN/EIN/Other (Circle One):"
>
> (2)  "? SSN ? EIN ? Other (Check One)"

I     "Spouse's Name" (Substantive)

J     "Spouse's SSN" (Substantive)

K     "List all persons or entities with 10 percent or more interest in the applicant" (include landlords or tenants insured under the applicant). If none, state NONE. (See reverse side for additional space.)

Required Information: (Substantive)  See note below.

1. Name
2. Address
3. Phone
4. Enter Code and Number
   S=SSN/E=EIN/O=OTHER
5. Type of Entity

**NOTE:  This item is not required if an approved SSN/EIN form is used to record this information.**

L     "Designated County"  (Substantive)

**2     CHANGES**

A     "Change Insurance ? "  (Substantive)

**NOTE:  Form-completion procedures must provide instructions to check this box when appropriate.**

B     "Effective Crop Year"  (Substantive)

C     "Name of Crop" (For identification purposes only. A crop cannot be added using a policy change form.) (Substantive)

D     "Type, Class, or  Etc."  (Substantive)

E     "Price Election" or "Amount of Insurance"  (Substantive)

F     "Level Election" or "Coverage Level"  (Substantive)

G     "Practice"  (Non-Substantive)

H     "Plan of Insurance"  (APH, CRP, GRP, IP, AGR etc.) (For identification

40

purposes only. A plan of insurance cannot be changed using a policy change form.)  (Substantive)

I    "Options"  (Substantive)

**3   CANCELLATIONS**

A    "Cancel Insurance ? "  (Substantive)

    **NOTE: Form-completion procedures must provide instructions to check this box when appropriate.**

B    "Effective Crop Year"  (Substantive)

C    "Name of Crop"  (Substantive)

D    "Options" or "Optional Coverage" (Substantive)  See note pertaining to optional coverages at the end of this Exhibit.

E    "Type, Class, or Etc."  (Substantive)

**4   REASONS FOR CANCELLATION**

A    "Reasons for Cancellation."  Create item entries for Reason of Cancellation, similar to the example below.  (Substantive)

| (Check One) | (Explain in Remarks) |
|---|---|
| ? Insured's Request | ? Mutual Consent |
| ? Death, Incompetency, or Dissolution | ? Other |

**NOTE: Create an item entry entitled "Reasons for Cancellation."  Provide forms-completion procedures which instruct that the reason for cancellation must be explained in the remarks section of the form.**

**5   OTHER CHANGES**

A    "? Successor-In-Interest" and "Effective Crop Year_____" (of the successor-in-interest transaction.)  (Non-Substantive)

B    "? Add or change insured's authorized representative"  (Substantive)

C    "? Change insured's address"  (Substantive)

D    "? Correct insured's tax identification number" (Substantive)

E    "? Correct spelling of insured's name" (Substantive)

**NOTE: These item entries are required in order to identify the type of change being initiated. Form-completion procedures must provide instructions to convey this information.**

**6    REMARKS SECTION**

Create an area large enough to enter explanations or remarks. (Substantive)

**7    OTHER INFORMATION AND SIGNATURES**

A    "Insured's Signature" (Substantive)

B    "Date" (of Insured's Signature) (Substantive)

C    "Agent's Signature, Date and Code Number" (Substantive)

**NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

I.B. Agent _____          12RMA34 ___
(Agent's Signature) (Date)          (Code Number)

OR

I.B. Agent _____          I.B. Agent ___
(Agent's Signature) (Date)          (Print Name of Agent Completing Form)

D    "Agent's Address and Phone Number" (Non-Substantive)

E    "Form Identification Number (alpha and/or numeric)" (Substantive)

F    "Insurance Provider's Name and Address"

"Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement." (Substantive)

"Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is Substantive).

**JULY 2003**                    **EXHIBIT 12**                    **FCIC-24040**

    G.    "Form Title"  (Substantive)

**8**    **SPECIAL FORM-DEVELOPMENT INFORMATION**

    A    Optional Coverages

        (1)    Purchasing Optional Coverages

If optional coverages are purchased or coverage is excluded (when permitted by the policy) after basic coverage is established, the Policy Change form (Exhibit 12) may be used to add or exclude optional coverages.  The application can also be used to add optional coverage; however, it is recommended that the Policy Change form be used to do this for an existing policy.

**NOTE:  Forms-completion procedures must include instructions for adding optional coverages if this form is used to add optional coverages after the basic crop coverage has already been purchased.**

        (2)    Cancellation of Optional Coverages

The Policy Change form will be used to cancel optional coverages that the insured purchased or cancel coverage exclusion.  This applies to all types of optional coverages; e.g., potato options, apple options, and High Risk Land Exclusion Option.  Forms-completion procedures must include instructions to cancel optional coverages on this form.

    B    Adding Crops or Plans of Insurance

Adding crop coverage or changing plans of insurance is not permitted by use of a Policy Change Form.  A new application must be completed.

**9**    **REQUIRED STATEMENTS**

    A    False Claim Statement.  See Exhibit 4.  (Substantive)

    B    Privacy Act Statement.  See Exhibit 6.  (Substantive)

        (1)    Include the Privacy Act statement on the form or make available as a separate document.

**NOTE: If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by securing the signature and date of**

43

**EXHIBIT 12**

> **applicant/insured on a copy retained by the insurance provider. This process must be completed for each document that requires the Privacy Act statement.**

    (2)    If the Privacy Act statement is on the back of the form, add the following statement to the front of the form: "See reverse side of form for statement required by Privacy Act of 1974." (Substantive)

C    Nondiscrimination Statement. See Exhibit 7. (Substantive)

**JULY 2003**                    **EXHIBIT 13**                    **FCIC-24040**

## SOCIAL SECURITY NUMBER (SSN) AND EMPLOYER IDENTIFICATION NUMBER (EIN) REPORTING FORM

**1    GENERAL INFORMATION**

A    Form Title is: "Social Security Number (SSN) and Employer Identification Number (EIN) Reporting Form" (Substantive)

B    "(YEAR) and Succeeding Crop Years"  (Substantive)

**2    INSURED INFORMATION**

A    "Name of Applicant/Insured"  (Substantive)

B    "Applicant's Telephone Number"  (Substantive)

C    "Applicant's Address"  (Non-Substantive)

D    "City and State"  (Non-Substantive)

E    "Zip Code"  (Non-Substantive)

F    "Policy Number (if applicable)"  (Substantive)

G    "Tax Identification Number and type of Tax Identification Number" (Substantive)

**NOTE:  Form-completion procedures must provide instructions to enter the appropriate identification number and identify the type of number as illustrated in (1) or (2) below.**

(1)    "SSN/EIN/Other (Circle One):"

(2)    "? SSN ? EIN ? Other (Check one)"

H    "Type of Entity"  (Substantive)

**NOTE:   Form-completion procedures must provide instructions to enter the specific type of entity, (i.e., partnership; trust; individual; joint-interest; corporation; etc) not entity code. This entry is verified for accuracy during applicable RMA and insurance providers review and at loss adjustment time. Insurance providers are required to electronically transmit the type of entity code, as defined in the M-13 Handbook, to RMA.**

I    "Spouse's Name" (Substantive)

45

FCIC-24040                     **XHIBIT 13**                 **JULY 2003**

J       "Spouse's SSN" (Substantive)

K      "Insurance Provider's Name and Address"

"Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement." (Substantive)

"Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive), Provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is (Substantive).

L       "Form Identification Number (alpha and/or numeric)" (Substantive)

**3     AGENT INFORMATION**

A      "Name of Agent" (Substantive)

B      "Agent's Address" (Substantive)

C      "Agent's Signature, Date and Code Number" (Substantive)

> **NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

I.B. Agent _____        12RMA34 _____
(Agent's Signature) (Date)         (Code Number)

OR

I.B. Agent _____        I.B. Agent _____
(Agent's Signature) (Date)         (Print Name of Agent Completing Form)

**4    OTHER PERSON AND/OR ENTITY INFORMATION**

"List all persons or entities with 10 percent or more interest in the applicant" (include landlords or tenants insured under the applicant). If none, state NONE. (See reverse side for additional space.)

Required Information: (Substantive) See note below.

1. Name
2. Address
3. Phone

**JULY 2003**                    **EXHIBIT 13**                    **FCIC-24040**

    4. Enter Code and Number
      S=SSN/E=EIN/O=OTHER
    5. Type of Entity

    **NOTE:  This item is not required if an approved SSN/EIN form is used
          to record this information.**

**5**    **SIGNATURE BLOCK**

    "Signature of Applicant/Insured" and "Date"   (Substantive)

**6**    **REQUIRED STATEMENTS**

    A    False Claim Statement.  See Exhibit 4.  (Substantive)

    B    Privacy Act Statement.  See Exhibit 6.  (Substantive)

        (1)    Include the Privacy Act statement on the form or make available as
               a separate document.

            **NOTE:  If the Privacy Act statement is provided as a separate
                  document, evidence of receipt of this statement must
                  be shown by securing the signature and date of
                  applicant/insured on a copy retained by the insurance
                  provider.  This process must be completed for each
                  document that requires the Privacy Act statement.**

        (2)    If the Privacy Act statement is on the back of the form, add the
               following  statement to the front of the form:  "See reverse side of
               form for statement required by Privacy Act of 1974."
               (Substantive)

    C    Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**FCIC-24040**                          **EXHIBIT 14**                          **JULY 2003**

### POLICY CONFIRMATION AND/OR SCHEDULE OF INSURANCE

**1    INSURED INFORMATION**

    A    "Insured's Name"  (Substantive)

    B    "Street or Mailing Address" (Non-Substantive)

    C    "City and State"   (Non-Substantive)

    D    "Zip Code"  (Non-Substantive)

    E    "Insured's Tax Identification Number" (SSN, EIN, Other)  (Non-Substantive)

    F    "Spouse's Name" (Non-Substantive)

    G    "Spouse's SSN" (Non-Substantive)

    H    "Policy Number" (Substantive)

    I    "State and County Name" (Substantive)

    **NOTE:  The entry for the "State and County Name" must be the state and county name where insurance attaches.  Form-completion procedures must provide this information.**

**2    CROP INFORMATION**

    A    "Crop Insured"  (Substantive)

    B    "Crop Type"  (Substantive)

    C    "Price Election"  (Substantive)

    D    "Level of Coverage"  (Substantive)

    E    "Options" (For example Hail/Fire, High Risk Exclusion, Potato Quality Option, etc.)  (Substantive)

    F    "Effective Crop Year"  (Substantive)

    G    "Plan of Insurance" (APH, CRP, GRP, IP, AGR etc.)  (Substantive)

**3    AGENT INFORMATION**

    A    "Agent's Name"  (Substantive)

B  "Agent's Street or Mailing Address"  (Substantive)

C  "Agent's City and State"  (Substantive)

D  "Agent's Zip Code"  (Substantive)

E  "Agent's Code Number" (Substantive)

   **NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

   <u>12RMA34</u>    <u>I.B. Agent</u>
   (Code Number)  OR (Print Name of Agent Completing Form)

F  "Agent's Telephone Number"  (Substantive)

**4 OTHER INFORMATION**

A  "Form Title"  (Substantive)

B  "Form Identification Number (alpha and/or numeric)"  (Substantive)

C  "Insurance Provider's Name and Address"

   "Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement."  (Substantive)

   "Insurance Provider's Address" as found on the Standard Reinsurance Agreement.  (Non-Substantive provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is Substantive).

D  "Date Issued"  (Substantive)

E  "Amount of Administrative Fee Due the Insurance Provider"  (Substantive)

F  "Amount of Subsidy Paid by RMA"  (Substantive)

**FCIC-24040**                     **EXHIBIT 15**                     **JULY 2003**

## POWER OF ATTORNEY

**1    GENERAL INFORMATION**

A personal Power of Attorney created by an attorney for an insured does not have to be approved by RMA. However, if an insurance provider chooses to develop it's own form for use by insureds, such forms should comply with the non-substantive standards listed below.

**2    STATEMENTS**

A    Use The Following Statements

"The undersigned does hereby make, constitute and appoint __ of __ in the County of __ and State of __, the true and lawful attorney, for and in the name, place and stead of the undersigned in connection with Multiple Peril Crop Insurance Policy and/or Contract Number ____.

The undersigned gives and grants unto said attorney full authority and power to do and perform actions as initialed below fully ratifying and confirming all that said attorney shall lawfully do or cause to be done by virtue hereof.

1.    Making application for insurance
2.    Making crop acreage reports
3.    Giving notice of damage or loss
4.    Making claim for indemnity
5.    Making contract change
6.    Making transfers and cancellations
7.    Providing program required production reports
8.    Taking all actions related to crop insurance for the above identified policy and/or contract number

This Power of Attorney shall be filed at the office where the official file folder is maintained and shall remain in full force and effect until written notice of its revocation has been received by the office maintaining the official file folder (such revocation shall be placed in the official file folder).

This Power of Attorney is signed and dated at (City), (State) this __ day of ____, (YEAR).

_____                    _____
Print Witness Name                                    Insured's Signature

_____
Witness Signature

I hereby accept the foregoing appointment:        _____
                                                                      Appointee's Signature

50

**JULY 2003**                            **EXHIBIT 15**                            **FCIC-24040**

## ACKNOWLEDGMENT
**(For use by Notary Public)**

State of
County of

**(Use acknowledgment form if required by the State where acknowledgment is taken)**

**NOTE: Signatures of the insured and the appointee must be notarized
when required by law.**

**3    OTHER INFORMATION AND SIGNATURES**

A    "Notary Seal and Signature of Notary"

B    "Insurance Provider's Name and Address"

"Insurance Provider's Name (spelled out) as found on the Standard
Reinsurance Agreement."

"Insurance Provider's Address" as found on the Standard Reinsurance
Agreement. (Non-Substantive provided this information is supplied to the
insured with the policy or policy jacket at time of issue. If not provided on
either of these documents, the address is Substantive).

C    "Form Identification Number (alpha and/or numeric)"

D    "Form Title"

E    Privacy Act Statement. See Exhibit 6.

(1)    Include the Privacy Act Statement on the form or make available as
a separate document

**NOTE:  If the Privacy Act statement is provided as a separate
document, evidence of receipt of this statement must be
shown by securing the signature and date of
applicant/insured on a copy retained by the insurance
provider.  This process must be completed for each
document that requires the Privacy Act statement.**

(2)    If the Privacy Act statement is on the back of the form, add the
following statement to the front of the form: "See reverse side of
form for statement required by Privacy Act of 1974."

F    Nondiscrimination Statement.  See Exhibit 7.

51

**FCIC-24040**                    **EXHIBIT 16**                    **JULY 2003**

## ASSIGNMENT OF INDEMNITY

**1    INSURED INFORMATION**

    A    "Insured's Name"  (Substantive)

    B    "Insured's Authorized Representative"  (Substantive)

    C    "Street or Mailing Address"  (Substantive)

    D    "City and State"  (Substantive)

    E    "Zip Code"  (Substantive)

    F    "Policy Number"  (Substantive)

    G    "Effective Crop Year"  (Substantive)

**2    TERMS AND CONDITIONS**

    A    "The assignment must read as follows": (Substantive)

"The Insured assigns to <u>(Name of Lender)</u> of <u>(Mailing Address)</u> <u>(City, State and Zip)</u> the right and interest of any indemnity payment(s) which may be payable to the insured under the insurance policy for the crop(s) shown:

**NOTE:  The Name and Address of Lender must be contained in above statement unless listed on the form.**

CONDITIONS

(1)    This assignment will be binding upon the person(s) who succeed the Insured's interest in the insurance policy.

(2)    Indemnity payments made under the insurance policy will be subject to a deduction for any indebtedness due this insurance provider by the Insured.

(3)    This assignment will not grant the Lender any greater rights than originally held by the Insured.

(4)    The Lender's interest will be recognized upon insurance provider's approval of this assignment and the Lender will have the right to submit the loss notices and other forms as required by the Policy.

(5)    The insurance provider will determine the person(s) entitled to any indemnity payment(s) and the payment(s) will be by joint check.

    (6)   Cancellation of this assignment prior to and during the crop year stated above will be accepted by the insurance provider only upon notification in writing by the above identified Lender(s). It is understood and agreed that this assignment will be subject to the terms and conditions of the insurance policy. (Followed by signatures of the Insured, Lender and Witnesses)

B    "The insurance provider hereby approves the foregoing assignment" (Followed by Authorized Representative's Signature for the insurance provider and Date) (Substantive)

C    "This assignment was filed with the insurance provider on __, (YEAR) at __ a.m./p.m." (Substantive)

**3    OTHER INFORMATION AND SIGNATURES**

A    "Insured's Signature and Date" (Substantive)

B    "Witness Signature and Date" (Substantive)

C    "Lender's Signature and Date" (Substantive)

D    "Witness Signature and Date" (Substantive)

E    "Insurance Provider's Authorized Representative Signature and Date" (Substantive)

F    "Insurance Provider's Name and Address"

    "Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement." (Substantive)

    "Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is Substantive).

G    "Form Identification Number (alpha and/or numeric)" (Substantive)

H    "Form Title" (Substantive)

**4    REQUIRED STATEMENT**

A    Privacy Act Statement. See Exhibit 6. (Substantive)

    (1)   Include the Privacy Act statement on the form or make available as a separate document.

**FCIC-24040**                           **EXHIBIT 16**                           **JULY 2003**

> **NOTE: If the Privacy Act statement is provided as a separate
> document, evidence of receipt of this statement must
> be shown by securing the signature and date of the
> applicant/insured on a copy retained by the insurance
> provider.  This process must be completed for each
> document that requires the Privacy Act statement.**

    (2)    If the Privacy Act statement is on the back of the form, add the
following  statement to the front of the form:  "See reverse side of
form for statement required by Privacy Act of 1974."
(Substantive)

B    Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**JULY 2003**　　　　　　　　　　　**EXHIBIT 17**　　　　　　　**FCIC-24040**

### CONTINUOUS HAIL AND FIRE EXCLUSION OPTION FORM

**1**　　**INSURED INFORMATION**

　　A　　"Insured's Name"　(Substantive)

　　B　　"Street or Mailing Address"　(Non-Substantive)

**2**　　**CROP INFORMATION**

　　A　　"The Hail and Fire Exclusion applies to the following crop(s):

　　　　　_____"　(Substantive)

　　B　　"First Effective Crop Year"　(Substantive)

　　C　　"MPCI Policy Number"　(Substantive)

**3**　　**TERMS AND CONDITIONS**

　　The following statements are required except for the calculation example:

　　A　　"Hail and Fire will be excluded on a crop basis as insured causes of loss from your Multiple Peril Crop Insurance Policy for a reduced premium for each crop year the following terms and conditions are met."　(Substantive)

　　　　　"The terms of this option apply to the first crop year requested and are continuous for each succeeding crop year as provided below.  This option can be canceled or crops can be deleted if a request is submitted in writing on or before the applicable multiple peril crop insurance cancellation date for the crop(s), or crops can be added if a written request is submitted on or before the applicable sales closing date for the crop(s)." (Substantive)

　　B　　"For the first crop year of this option:

　　　　(1)　The Hail and Fire Exclusion Option must be signed: (a) within 72 hours of the date a private Hail and Fire policy is first in effect or (b) on or before the date Multiple Peril Crop Insurance coverage attaches for a crop year after the first crop year a multi-season hail and fire policy is in effect.

　　　　(2)　This option is effective only if the crop has not been damaged to the extent that a Multiple Peril Crop Insurance indemnity may be claimed on any unit of the insured crop."　(Substantive)

**FCIC-24040**　　　　　　　　　　**EXHIBIT 17**　　　　　　　　**JULY 2003**

C　　　"For each crop year, Hail and Fire insurance coverage must be in effect (and premiums earned) on all planted insurable acreage of the crop insured under the Multiple Peril Crop Insurance Policy and the total dollar amount of hail and fire insurance liability must equal or exceed the total Multiple Peril Crop Insurance liability for that crop acreage."  (Substantive)

D　　　"For each crop year, you must provide a copy of the annual hail and fire declaration sheet showing the required amount of hail and fire coverage for the crop year or other proof that the required amount of hail and fire coverage has attached for the crop year."  (Substantive)

E　　　"An appraisal for uninsured causes will be made when the crop is damaged by hail and/or fire, and the average percent damage to the crop insurance unit exceeds the coverage level percentage determined by subtracting the coverage level percentage from 100.  This excess percentage amount will be multiplied by the guarantee per acre divided by your coverage level percentage and the result will be the appraisal for uninsured causes."  (Substantive)

　　　For example:　　　The average percent hail damage to the crop
　　　　　　　　　　　　insurance unit = 45%.  MPCI coverage level = 65%.
　　　　　　　　　　　　Per-acre guarantee = 100 bu.
　　　　　　　　　　　　Step 1:　　1.00 - .65 = .35
　　　　　　　　　　　　Step 2:　　.45 - .35 = .10 (excess percentage)
　　　　　　　　　　　　Step 3:　　.10 x 100 bu. (Per-acre guarantee)
　　　　　　　　　　　　Step 4:　　10 ) .65 = 15.4 bu. per-acre appraisal for
　　　　　　　　　　　　　　　　　　uninsured causes. "  (Non-Substantive)

　　　"EXCEPT THAT:

　　　If hail and/or fire occurs and the original hail and fire liability under a private Hail and Fire policy has been reduced below the Multiple Peril Crop Insurance coverage, due to another cause of loss insured under the Multiple Peril Crop Insurance Policy, the hail and/or fire indemnity will be divided by the original hail and fire liability.  This result will be multiplied by the Multiple Peril Crop Insurance guarantee per acre divided by your coverage level percentage and the result will be the appraisal for uninsured causes."  (Substantive)

**4**　　**OTHER INFORMATION AND SIGNATURE**

A　　　"Information for the first-year hail/fire exclusion request."  (Substantive)

　　　(1)　　"Hail and Fire Coverage Effective Date"  (Substantive)

　　　(2)　　"Name of Hail and Fire Insurance Company(ies) and Policy Number(s)"  (Substantive)

JULY 2003                          **EXHIBIT 17**                          **FCIC-24040**

B       "Name and Address of Insurance Agency"  (Non-Substantive)

C       The following statement is required above the insured's signature:
        (Substantive)

        "I, the insured, will provide any information the insurance provider may
        require or authorize representive(s) of the insurance provider access to
        any information that the insurance provider may require regarding any hail
        and fire policy(ies) I have in effect for any crop year that this option is in
        effect."  (Substantive)

D       "Insured's Signature and Date"  (Substantive)

E       "Agent's Signature, Date and Code Number" (Substantive)

        **NOTE: If individual code numbers are not assigned to agent, then the
                agent completing the form must print his/her name. Following
                are two formats for this information (with and without the
                code number):**

        I.B. Agent _____            12RMA34 ____
        (Agent's Signature) (Date)             (Code Number)

        OR

        I.B. Agent _____            I.B. Agent ____
        (Agent's Signature) (Date)             (Print Name of Agent Completing
                                               Form)

F       "Form Identification Number" (alpha and/or numeric) (Substantive)

G       "Form Title, as follows:  Continuous Hail and Fire Exclusion Option"
        (Substantive)

H       "Insurance Provider's Name and Address"

        "Insurance Provider's Name (spelled out) as found on the Standard
        Reinsurance Agreement."  (Substantive)

        "Insurance Provider's Address" as found on the Standard Reinsurance
        Agreement.  (Non-Substantive provided this information is supplied to the
        insured with the policy or policy jacket at time of issue. If not provided on
        either of these documents, the address is Substantive).

5       **REQUIRED STATEMENT**

A       Privacy Act Statement. See Exhibit 6.  (Substantive)

**FCIC-24040**                    **EXHIBIT 17**                    **JULY 2003**

    (1)    Include the Privacy Act statement on the form or make available as a separate document.

    **NOTE:**  **If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by the securing the signature and date of the applicant/insured on a copy retained by the insurance provider. This process must be completed for each document that requires the Privacy Act statement.**

    (2)    If the Privacy Act statement is on the back of the form, add the following statement to the front of the form: "See reverse side of form for statement required by Privacy Act of 1974." (Substantive)

B    Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**JULY 2003**                        **EXHIBIT 18**                        **FCIC-24040**

## REQUEST TO EXCLUDE HAIL AND FIRE

**1    INSURED INFORMATION**

    A      "Insured's Name"  (Substantive)

    B      "Street or Mailing Address"  (Non-Substantive)

    C      "City, State and Zip Code"  (Non-Substantive)

**2    CROP INFORMATION**

    A      "The Request to Exclude Hail and Fire applies to the following crop(s):

           _____"  (Substantive)

    B      "Effective Crop Year"  (Substantive)

    C      "MPCI Policy Number"  (Substantive)

**3    TERMS AND CONDITIONS**

The following statements are required except for the calculation example.

    A      "Hail and Fire will be excluded on a crop basis as insured causes of loss from your Multiple Peril Crop Insurance Policy for a reduced premium for the effective crop year provided the following terms and conditions are met."  (Substantive)

    B      "For the effective crop year of this request:

          (1)    The Request to Exclude Hail and Fire must be signed: (a) within 72 hours of the date a private Hail and Fire policy is in effect or (b) on or before the date Multiple Peril Crop Insurance coverage attaches for a crop year after the first crop year a  multi-season hail and fire policy is in effect on a crop.

          (2)    This request is effective only if the crop has not been damaged to the extent that a Multiple Peril Crop Insurance indemnity may be claimed on any unit of the insured crop."  (Substantive)

    C      "Hail and Fire insurance coverage must be in effect (and premiums earned) on all planted insurable acreage of the crop insured under the Multiple Peril Crop Insurance Policy and the total dollar amount of hail and fire insurance liability must equal or exceed the total Multiple Peril Crop Insurance liability for that crop acreage."  (Substantive)

FCIC-24040                          **EXHIBIT 18**                         **JULY 2003**

D     "The Insured must provide a copy of the hail and fire declaration sheet showing the required amount of hail and fire coverage for the effective crop year or other proof that the required amount of hail and fire coverage as attached for the effective crop year." (Substantive)

E     "An appraisal for uninsured causes will be made when the crop is damaged by hail and/or fire, and the average percent damage to the crop insurance unit exceeds the coverage level percentage determined by subtracting the coverage level percentage from 100.  This excess percentage amount will be multiplied by the guarantee per acre divided by your coverage level percentage and the result will be the appraisal for uninsured causes." (Substantive)

"For example:     The average percent hail damage to the crop insurance unit = 45%.  MPCI coverage level = 65%.  Per-acre guarantee = 100 bu.
Step 1:    1.00 - .65 = .35
Step 2:    .45 - .35 = .10 (excess percentage)
Step 3:    .10 x 100 bu. (Per-acre guarantee)
Step 4:    10 ) .65 = 15.4 bu. per-acre appraisal for uninsured causes."  (Non-Substantive)

"EXCEPT THAT:

If hail and/or fire occurs and the original hail and fire liability under a private Hail and Fire policy has been reduced below the Multiple Peril Crop Insurance coverage, due to another cause of loss insured under the Multiple Peril Crop Insurance Policy, the hail and/or fire indemnity will be divided by the original hail and fire liability.  This result will be multiplied by the Multiple Peril Crop Insurance guarantee per acre divided by your coverage level percentage and the result will be the appraisal for uninsured causes." (Substantive)

4     **OTHER INFORMATION AND SIGNATURE**

A     "Hail and Fire Coverage Effective Date"  (Substantive)

B     "Name of Hail and Fire Insurance Company(ies) and Policy Number(s)" (Substantive)

C     "Name and Address of Insurance Agency"  (Non-Substantive)

D     The following statement is required above the Insured's Signature. (Substantive)

"I, the insured, will provide any information the insurance provider may require or authorize representive(s) of the insurance provider access to any information that the insurance provider may require regarding any hail and fire policy(ies) I have in effect for the crop year of this request. I certify that the information reported above is true and correct" (Substantive)

E    "Insured's Signature and Date" (Substantive)

F    "Agent's Signature, Date and Code Number" (Substantive)

**NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

I.B. Agent_____            12RMA34____
(Agent's Signature) (Date)            (Code Number)

OR

I.B. Agent_____            I.B. Agent____
(Agent's Signature) (Date)            (Print Name of Agent Completing Form)

G    "Form Identification Number" (alpha and/or numeric) (Substantive)

H    "Form Title, as follows: Request to Exclude Hail and Fire" (Substantive)

I    "Insurance Provider's Name and Address"

"Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement." (Substantive)

"Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is Substantive).

J    "Page ____ of ____" (Substantive)

5    **REQUIRED STATEMENT**

A    Privacy Act Statement. See Exhibit 6. (Substantive)

(1)    Include the Privacy Act statement on the form or make available as a separate document.

FCIC-24040                      **EXHIBIT 18**                      **JULY 2003**

**NOTE: If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by the securing the signature and date of the applicant/insured on a copy retained by the insurance provider. This process must be completed for each document that requires the Privacy Act statement.**

(2)    If the Privacy Act statement is on the back of the form, add the following  statement to the front of the form: "See reverse side of form for statement required by Privacy Act of 1974." (Substantive)

B      Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

## TRANSFER OF RIGHT TO AN INDEMNITY

**1    GENERAL INFORMATION**

    A    "Transferor's Name"  (Substantive)

    B    "Street and Mailing Address"  (Non-Substantive)

    C    "Contract Number"   (Substantive)

    D    "Section", "Township", "Range" or "FSA Farm Serial Number" (Substantive)

**2    CROP INFORMATION**

    A    "Crop" (Substantive)

    B    "Crop Year" (Substantive)

    C    "Unit No" (Substantive)

    D    The following information must be on the form.  (Substantive)

        (1)    Is all of the insured acreage and all of the insured share on this unit being transferred?  Yes ( )  No ( )

        (2)    Statement a below may be used alone.  If both statements are used the form should indicate: "Check One of the Boxes"

            ?  a    Make check payable jointly to insured and transferee(s). Check will be mailed to the insured's address (unless an assignment of indemnity is on file); or

            ?  b    Make checks payable to transferee(s) only.  Check will be mailed to address shown in 3B.

**3    OTHER INFORMATION**

    A    "Transferee(s) Names"  (Substantive)

    B    "Transferee(s) Address, City, State, and Zip Code"  (Substantive)

    C    "Transferee's Tax Identification Number"  (Substantive)

    **NOTE:  Form-completion procedures must provide instructions to enter the appropriate identification number and identify the**

FCIC-24040                          **EXHIBIT 19**                          **JULY 2003**

**type of number as illustrated in (1) or (2) below.**

    (1)    "SSN/EIN/Other (Circle One):"

    (2)    "? SSN ? EIN ? Other (Check one)"

D    "Acreage Transferred" (Substantive)

E    "Share Transferred" (Substantive)

F    "Effective Date of Transfer" (Substantive)

G    "Nature of Transfer" (Substantive)

H    "Form Identification Number" (alpha and/or numeric) (Substantive)

I    "Form Title" (Substantive)

J    "Insurance Provider's Name and Address"

    "Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement." (Substantive)

    "Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive) provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is (Substantive).

**4**    **TERMS AND CONDITIONS**

A    The following information must be on the form. (Substantive)

    Acceptance by the insurance provider of the above-described transfer shall transfer the insured's right to an indemnity to the above-named transferee subject to:

    (1)    Receipt by the insurance provider of satisfactory evidence that said transfer occurred before the end of the insurance period; i.e., (a) the date harvest was completed on the unit, (b) the calendar date for the end of the insurance period, or (c) the date the entire crop on the unit was destroyed, as determined by the Insurance Provider.

    (2)    The terms of the above-identified insurance contract, including any outstanding assignment of indemnity made by the transferor prior to the date of transfer.

    (3)    All other terms and provisions set forth herein.

B The insurance provider shall not be liable for anymore indemnity than existed before the transfer occurred.

C The insurance contract of the transferor covers the share hereby transferred only to the end of the insurance period for the current crop year.

D The Transferee and the transferor shall be jointly and severally liable for any unpaid premium earned for the current crop year on the acreage and share transferred. The premium for the unit has been paid: Yes ( ) No ( )

E Total premium on this unit $_____

F Premium on acreage transferred $_____

G Premium on retained acreage $_____

H Premium paid with transfer $_____

**5 REQUIRED SIGNATURES**

A "Transferor's Signature and Date" (Substantive)

B "Transferee(s) Signature and Date" (Substantive)

C "Agent's Signature, Date and Code Number" (Substantive)

> **NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

> I.B. Agent_____  12RMA34\_\_\_
> (Agent's Signature) (Date)  (Code Number)

> OR

> I.B. Agent_____  I.B. Agent\_\_\_
> (Agent's Signature) (Date)  (Print Name of Agent Completing Form)

**6 REQUIRED STATEMENT**

A Privacy Act Statement  See Exhibit 6.  (Substantive)

(1) Include the Privacy Act statement on the form or make available as a separate document.

**FCIC-24040**                    **EXHIBIT 19**                    **JULY 2003**

> **NOTE:  If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by securing the signature and date of the applicant/insured on a copy retained by the insurance provider.  This process must be completed for each document that requires the Privacy Act statement.**

    (2)    If the Privacy Act statement is on the back of the form, add the following  statement to the front of the form:  "See reverse side of form for statement required by Privacy Act of 1974."  (Substantive)

B    Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**JULY 2003**                          **EXHIBIT 20**                          **FCIC-24040**

<h2 style="text-align:center">HIGH-RISK LAND EXCLUSION OPTION</h2>

**1**     **INSURED INFORMATION**

A      "Insured's Name"  (Substantive)

B      "Contract Number"  (Substantive)

C      "Street or Mailing Address"  (Substantive)

D      "City, State and Zip Code"  (Substantive)

E      "County Name"  (Substantive)

F      "Identification No. SSN TAX"  (Substantive)


**2**     **CROP INFORMATION**

A      "Crop(s)"  (Substantive)

B      "Crop Year"  (Substantive)


**3**     **TERMS AND CONDITIONS**

The following information must be on the form.  (Substantive)

Upon our approval of this Option, we agree to amend your Federal Crop Insurance Policy to exclude from crop insurance coverage all high-risk land for the identified crop(s) and county in which you have a share, subject to the following terms and conditions:

A      The Option must be submitted to us on or before the final date for accepting applications for the initial crop year in which you wish to exclude high-risk land.

B      In the event of a loss on any insured unit, you must provide separate production records showing planted acreage and harvested production for any acreage which is excluded from crop insurance coverage under this Option.

C      By signing this Option, you are declining crop insurance coverage under the general crop insurance policy and the crop endorsement on your high-risk land.

**FCIC-24040**  **EXHIBIT 20**  **JULY 2003**

D As used in this Option, "high-risk" land is any land to which a high risk classification applies as classified by the actuarial document.

E This Option may be canceled by either you or us for any succeeding crop year by giving written notice on or before the cancellation date provided by the policy, preceding such crop year.

F You must report, on the acreage report for each crop year, the acreage of the crop planted on high-risk land.

G All other provisions of the policy not in conflict with this Option are applicable.

**4 REQUIRED SIGNATURES**

A "Insured's Signature and Date" (Substantive)

B "Agent's Signature, Date and Code Number" (Substantive)

 **NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

| I.B. Agent | 12RMA34 |
|---|---|
| (Agent's Signature) (Date) | (Code Number) |

 OR

| I.B. Agent | I.B. Agent |
|---|---|
| (Agent's Signature) (Date) | (Print Name of Agent Completing Form) |

**5 OTHER INFORMATION**

A "Form Identification Number" (alpha and/or numeric) (Substantive)

B "Form Title" (Substantive)

C "Insurance Provider's Name and Address"

 "Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement." (Substantive)

 "Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is Substantive).

JULY 2003                          **EXHIBIT 20**                          FCIC-24040

**6      REQUIRED STATEMENTS**

A       False Claim Statement.  See Exhibit 4.  (Substantive)

B       Privacy Act Statement.  See Exhibit 6.  (Substantive)

(1)     Include the Privacy Act statement on the form or make available as a separate document.

**NOTE:  If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by securing the signature and date of applicant/insured on a copy retained by the insurance provider.  This process must be completed for each document that requires the Privacy Act statement.**

(2)     If the Privacy Act statement is on the back of the form, add the following statement to the front of the form:  "See reverse side of form for statement required by Privacy Act of 1974."  (Substantive)

C       Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**FCIC-24040**                    **EXHIBIT 21**                    **JULY 2003**

### PRODUCTION CERTIFICATION WORKSHEET

**1    INSURED INFORMATION**

A    "Insured's Name"  (Substantive)

B    "Street or Mailing Address"  (Non-Substantive)

C    "City and State"  (Non-Substantive)

D    "Zip Code"  (Non-Substantive)

E    "Insured's Telephone Number"  (Substantive)

F    "Tax Identification Number"  (Non-Substantive)

G    "Policy Number"  (Substantive)

H    "State and County Name"  (Substantive)

   **NOTE:  The entry for the "State and County Name" must be the state
   and county name where insurance attaches.  Form-
   completion procedures must provide this information.**

I    "Crop Year"  (Substantive)

**2    CROP INFORMATION**

A    "Name of Crop"  (Substantive)

B    "Practice and Type"  (Substantive)

C    "Unit Number"  (Substantive)

D    "Section", "Township" and "Range"  (Substantive)

E    "Land Other County  Yes__ No__"  (Substantive)

F    "Other Entity (ies)"  (Substantive)

G    "Record Type"  (Substantive)

        1._ Production Sold/Commercial Storage
        2._ On Farm Storage, Recorded Bin Measurement
        3._ Livestock Feeding Records
        4._ FSA Loan Record
        5._ Appraisals
        6._ Other

70

**JULY 2003**                              **EXHIBIT 21**                              **FCIC-24040**

H    "Processor Number/Name and/or Number Trees Or Vines"  (Substantive)

I    "FSA Farm Serial Number"  (Substantive)

J    "T Yield"  (Substantive)

K    "Crop Year of History"  (Substantive)

L    "Total Production"  (Substantive)

M    "Acres"  (Substantive)

N    "Yield"  (Substantive)

**NOTE: For items K, L, M and N above allow space to provide ten years of history.**

O    "Preliminary Yield"  (Substantive)

P    "Required: Field Review _ Inspection _"  (Substantive)

Q    "New Producer ? "  (Substantive)

R    "Added Land P/T/ V ? "  (Substantive) (Practice/Type/Variety)

3    **AGENT INFORMATION**

A    "Agent's Signature, Date and Code Number" (Substantive)

**NOTE: If individual code numbers are not assigned to agent, then the agent completing the form must print his/her name. Following are two formats for this information (with and without the code number):**

I.B. Agent                              12RMA34
(Agent's Signature) (Date)          (Code Number)

OR

I.B. Agent                              I.B. Agent
(Agent's Signature) (Date)          (Print Name of Agent Completing Form)

B    "Agent's Complete Address"  (Non-Substantive)

C    "Agent's Telephone Number"  (Non-Substantive)

FCIC-24040 **EXHIBIT 21** **JULY 2003**

**4 OTHER INFORMATION AND SIGNATURE**

A "Insurance Provider's Name and Address"

"Insurance Provider's Name (spelled out) as found on the Standard Reinsurance Agreement." (Substantive)

"Insurance Provider's Address" as found on the Standard Reinsurance Agreement. (Non-Substantive provided this information is supplied to the insured with the policy or policy jacket at time of issue. If not provided on either of these documents, the address is Substantive).

B "Form Title" (Substantive)

C "Form Identification Number (alpha and/or numeric)" (Substantive)

D "Insured's Signature" (Substantive)

E "Date" (Of Insured's Signature) (Substantive)

F "Page__ of__" (Substantive)

**5 REQUIRED STATEMENTS**

A Certification statement above Insured's Signature line

"I certify that the information I have furnished as reflected on this form is complete and accurate for the commodity(ies), unit(s) and year(s) shown. I understand this form may be reviewed or audited and that information inaccurately reported or failure to retain records to support information on this form, may result in a recomputation of the approved APH yield. I also understand that failure to report completely and accurately may result in voidance of my crop insurance contract and may result in criminal or civil false claims penalties (18 U.S.C. 1006 and 1014; 7 U.S.C. 1506; 31 U.S.C. 3729, and 3730)." (Substantive)

B Privacy Act Statement. See Exhibit 6. (Substantive)

(1) Include the Privacy Act statement on the form or make available as a separate document.

**NOTE: If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by securing the signature and date of applicant/insured on a copy retained by the insurance provider. This process must be completed for each document that requires the Privacy Act statement.**

**JULY 2003**                    **EXHIBIT 21**                    **FCIC-24040**

    (2)    If the Privacy Act statement is on the back of the form, add the following statement to the front of the form: "See reverse side of form for statement required by Privacy Act of 1974." (Substantive)

    C    Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**FCIC-24040**                  **EXHIBIT 22**                  **JULY 2003**

## CROP INSURANCE WITHDRAWAL OF CLAIM

1    **INSURED AND POLICY INFORMATION**

    A    "Insured's Name"  (Substantive)

    B    "Claim Number"  (Substantive)

    C    "Policy Number"  (Substantive)

    D    "Tax Identification Number and type of Tax Identification Number"
        (Non-Substantive)

        **NOTE:  Form-completion procedures must provide instructions to
        enter the appropriate identification number and identify the
        type of number as illustrated in (1) or (2) below.**

        (1)    "SSN/EIN/Other (Circle One):"

        (2)    "? SSN ? EIN ? Other (Check One)"

    E    "Name of Crop"  (Substantive)

    F    "Unit Number(s)"  (Substantive)

2    **TERMS AND CONDITIONS**

    The following statement is required: (Substantive)

        Withdrawal Statement: "For the unit numbers listed above I withdraw this
        claim against the Insurance Provider on this policy up to this date. I agree
        and understand that signing this withdrawal in no way changes the terms
        of the policy nor affects any other loss that may subsequently occur."

3    **OTHER INFORMATION AND SIGNATURE**

    A    "Insured's Signature and Date"  (Substantive)

    B    "Insurance Provider's Name and Address"

        "Insurance Provider's Name (spelled out) as found on the Standard
        Reinsurance Agreement."  (Substantive)

        "Insurance Provider's Address" as found on the Standard Reinsurance
        Agreement.  (Non-Substantive provided this information is supplied to the
        insured with the policy or policy jacket at time of issue. If not provided on
        either of these documents, the address is Substantive).

  C  "Form Identification Number (alpha and/or numeric)"  (Substantive)

  D  "Form Title"  (Substantive)

  E  "Agency Name and Address"  (Substantive)

**4** **REQUIRED STATEMENT**

  A  Privacy Act Statement.  See Exhibit 6.  (Substantive)

    (1) Include the Privacy Act statement on the form or make available as a separate document.

      **NOTE:  If the Privacy Act statement is provided as a separate document, evidence of receipt of this statement must be shown by securing the signature and date of applicant/insured on a copy retained by the insurance provider.  This process must be completed for each document that requires the Privacy Act statement.**

    (2) If the Privacy Act statement is on the back of the form, add the following statement to the front of the form:  "See reverse side of form for statement required by Privacy Act of 1974."  (Substantive)

  B  Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**FCIC-24040**               **EXHIBIT 23**                **JULY 2003**

## REQUEST FOR
## POLICY CANCELLATION AND TRANSFER
## OF EXPERIENCE DATA

**1**     **REQUIRED LANGUAGE FOR REQUEST (Substantive)**

      A     "Part I
I hereby request cancellation of my crop insurance policy with <sub>(Ceding Company Name and Company Code)</sub> for the crop(s) and crop year(s) shown below because I have applied for crop insurance with another company. I understand that if this form is not executed on or before the established cancellation date for any crop listed, the cancellation of insurance on such crop(s) will not become effective until the following crop year."

      B     "Crop(s)" to be canceled and transferred  (Substantive)

      C     "Crop Year" of crops being canceled and transferred  (Substantive)

**2**     **REQUIRED LANGUAGE TO AUTHORIZE (Substantive)**

      A     "I hereby authorize and direct the ceding company shown above to furnish any information relative to my insurance policy to the assuming company listed below. I understand that if coverage for any crop(s) is now terminated or would have subsequently terminated for indebtedness had this transfer not occurred, no coverage can be provided by the assuming company."

      B     "Signature of Policyholder and Date"  (Substantive)

      C     "Policy Number"  (Substantive)

**3**     **REQUIRED LANGUAGE TO PROVIDE INSURANCE (Substantive)**

      A     "Part II
By submission of this form, we agree to provide crop insurance to this applicant for the crop(s) and crop year specified above UNLESS this form is not executed on or before the established cancellation date for any of the crop(s) shown, in which case insurance will be provided for such crop(s) for the following crop year."

      B     "Name of Assuming Agent"  (Substantive)

      C     "Assuming Agent's Address, City, State and Zip Code"  (Substantive)

      D     "Signature of Company Representative Authorized to Accept Applications" (Substantive)

**JULY 2003**                    **EXHIBIT 23**                    **FCIC-24040**

E       "Date of Acceptance by Assuming Company"  (Substantive)

F       "Assuming Company's Group Code"  (Substantive)

**4       OTHER INFORMATION AND SIGNATURES**

A       "Insurance Provider's Name and Address"

"Insurance Provider's Name (spelled out) as found on the Standard
Reinsurance Agreement."  (Substantive)

"Insurance Provider's Address" as found on the Standard Reinsurance
Agreement.  (Non-Substantive provided this information is supplied to the
insured with the policy or policy jacket at time of issue. If not provided on
either of these documents, the address is Substantive).

B       "Form Identification Number (alpha and/or numeric)"  (Substantive)

C       "Form Title"  (Substantive)

D       DISTRIBUTION:  (Substantive)

"Original - Assuming Company (Forward to Ceding Company upon
Acceptance)
1st Copy - Assuming Company
2nd Copy - Assuming Agent
3rd Copy - Policyholder"

**5       REQUIRED STATEMENTS**

A       Privacy Act Statement.  See Exhibit 6.  (Substantive)

(1)     Include the Privacy Act statement on the form or make available as
a separate document.

**NOTE:  If the Privacy Act statement is provided as a separate
document, evidence of receipt of this statement must
be shown by securing the signature and date of
applicant/insured on a copy retained by the insurance
provider.  This process must be completed for each
document that requires the Privacy Act statement.**

(2)     If the Privacy Act statement is on the back of the form, add the
following statement to the front of the form:  "See reverse side of
form for statement required by Privacy Act of 1974."  (Substantive)

B       Nondiscrimination Statement.  See Exhibit 7.  (Substantive)

**FCIC-24040**                                                                        **JULY 2003**

RESERVED

# EX. 3(A)

**8    LOSS ADJUSTMENT RESPONSIBILITIES**

A    <u>General Information</u>.  The following responsibilities and procedures throughout this handbook apply to whomever is performing loss adjustment whether it is an insurance provider employee whose primary duty and title is not loss adjuster or a person under contract or employed with an insurance provider specifically as a loss adjuster.  For example, some insurance providers may have employees whose primary function is NOT loss adjustment activities (e.g., underwriter) but this employee makes some loss adjustment verifications prior to assignment or after assignment of the loss notice to the loss adjuster.  Additionally, some insurance providers may have non-loss adjuster employees, perform certain types of reviews or loss adjustment assignments found in this handbook.

**NOTE:**  Sales Agents, local agency employees, or sales representatives (other than taking notices of damage or loss or as otherwise specified in this handbook) cannot perform loss adjustment duties unless outside of their selling and servicing area as described in PAR. 8 B (17).

B    <u>Loss Adjustment Responsibilities</u>.  Responsibilities include **(but are not limited to)** the following:

(1)    Be thoroughly familiar with the insured's contract folder or print-out supplied by the insurance provider showing the insured's coverage that is in effect, and all insurance documents (or data from documents) that pertain to the insured's insurance contract in the county.  Verify and/or determine and document the information as specified in this handbook or other FCIC-issued procedures necessary for loss adjustment.

(2)    Use loss forms, loss procedures, and any other issuance (containing information relating to loss adjustment) that are in accordance with FCIC-issued loss form standards and loss adjustment standards or other FCIC issued bulletins, information memorandums, etc., to perform all loss adjustment duties.  DO NOT deviate from FCIC-issued procedures without prior written approval from FCIC.  (The insurance provider will provide the appropriate parties with any FCIC-approved deviations.)

(3)    Use and be proficient with the applicable loss adjustment equipment.

(4)    Identify the type of inspection that will be made.  All inspections will fall into three types:  (1) Indemnity (including prevented planting indemnities), (2) Replant Payment Inspections, and (3) Special Contract Services Inspections.

(5)    Visit farms for the purpose of inspecting damaged or destroyed crops during the growing season or following harvest.

(6)    Explain to insureds their contractual responsibilities, filing procedures, and what will be done during the inspection.

(7)    During farm visit:

(a)    Determine and/or verify any insured and uninsured causes of loss.  Establish production or dollar amount to count from appraisals for uninsured causes of loss.

(b)    Determine and/or verify the time of loss.

party assigned by the insurance provider) prior to payment of the claim. Generally, the insurance provider will accompany the adjuster on the initial loss adjustment inspection and will conduct the review at the same time. If it is not known prior to the loss adjustment inspection that the claim is for an employee or any other person described herein, the adjuster is to notify the insurance provider immediately so that an insurance provider representative has the opportunity to accompany the adjuster during the inspection.

H    DO NOT finalize claims until you are satisfied with all determinations, including but not limited to:

   (1)    Total disposition of the crop;

   (2)    Value (or reduction in value (RIV), if applicable) of the crop needed for quality adjustment purposes. Special care must be given when there are zero value (1.000 RIV) offers (or non-marketability) in a local area or extremely low market price (or extremely high RIV, if applicable) for the crop in the local marketing area (See PAR. 96 H.); and

   (3)    The insureds Certification Form, if applicable, has been received and verified. See PAR. 66.

I    Indemnity Due. If an indemnity is due, refer to the individual crop handbooks for procedure in completing the claim.

J    "No Indemnity Due Claims"

   (1)    "No Indemnity Due" claims must be verified by an APPRAISAL or NOTIFICATION from the insured that the production exceeded the production guarantee (or value of crop exceeded the dollar guarantee, if applicable); i.e., damage/amount of loss (or revenue) was not great enough to generate a loss.

   (2)    If it is determined that NO INDEMNITY IS DUE during an inspection:

      (a)    Complete the inspection;

      (b)    Record all pertinent information on either of the following:

         1    the claim as instructed in the crop handbook, OR

         2    if directed by the insurance provider, complete and have the insured sign a "Withdrawal of Claim," NCIS-M920 or other FCI approved "Withdrawal of Claim" form rather than prepare a "No Indemnity Due;" and

      (c)    If inspection determinations indicate a reduction in premium is applicable, follow the insurance providers instructions.

K    Final Claims Based on Appraised Production that Is Later Harvested

If a claim is to be settled on the basis of appraised production, the insured must agree to notify the insurance provider if the appraised acreage is later harvested. The harvested

E    Purpose of Farm Visit. In actuality, questionable claims may be investigated when there is some indication that legal action may occur. This is still a legitimate function as long as the information is intended for insurance provider use. Consideration must not be given as to the eventual evidentiary value of the information. If it is discovered upon cross examination that a particular farm visit was for the purpose of obtaining evidence for criminal or civil prosecution, that visit could be considered to have a law enforcement purpose. The absence of prescribed law enforcement procedures would render the information inadmissible.

F    Promises to Insured for Cooperation. It should be kept in mind that any promises made to an insured for cooperation may render the information inadmissible, and possibly impose civil liability on the person(s) who made such an offer. Any evidence, no matter how small, indicating that the information supplied by the insured was in consideration of a waiver of civil or criminal charges can void a successful prosecution or, at the least, devalue the evidentiary weight of such evidence.

## 120    CONTROVERSIAL CLAIM PROCEDURE

If the insured will not agree with the adjustment data, refer the case to the insurance provider. The insurance provider representative and the adjuster will review the case with the insured and make every effort to resolve it.

**If an agreement cannot be reached with the insured, insurance providers will follow the procedure in A and B below or use a MPCI Non-Waiver Agreement. If a MPCI Non-Waiver Agreement is used, follow the instructions provided by the insurance provider for completing this form, and follow the documentation procedures in C below.**

A    Prepare Two Claims

   (1)    One claim showing the data submitted by the insured, signed only by the insured. (The insured should be provided a copy of the claim and any appraisal worksheets or other documents signed by the insured at the time of this inspection.)

   (2)    The other claim showing the data determined and the date signed by the insurance provider representative(s).

B    Submission of Claims. Submit both sets of the claims to the person or office designated by your insurance provider along with complete documentation. See C below.

C    Documentation. To the extent possible, the documentation will include the following:

   (1)    Interviews with the insured, the insured's employees, neighbors, other persons recommended by the insured as having knowledge of the facts in the case, and additional individuals the insurance-provider-representative determines to have information relevant to the case. The insurance-provider-representative conducting the interview should be accompanied by another individual represented by the insurance provider.

   (2)    Signed statements by the insured and other persons interviewed. The insured should personally prepare a detailed Special Report to document the points of disagreement in support of the claim as submitted.

**JANUARY 2004**                    238                    **FCIC-25010 (LAM)**

# EX. 3(B)

**8    LOSS ADJUSTMENT RESPONSIBILITIES**

A    <u>General Information</u>.  The following responsibilities and procedures throughout this handbook apply to whomever is performing loss adjustment whether it is an insurance provider employee whose primary duty and title is not loss adjuster or a person under contract or employed with an insurance provider specifically as a loss adjuster.  For example, some insurance providers may have employees whose primary function is NOT loss adjustment activities (e.g., underwriter) but this employee makes some loss adjustment verifications prior to assignment or after assignment of the loss notice to the loss adjuster.  Additionally, some insurance providers may have non-loss adjuster employees, perform certain types of reviews or loss adjustment assignments found in this handbook.

**NOTE:**  Sales Agents, local agency employees, or sales representatives (other than taking notices of damage or loss or as otherwise specified in this handbook) cannot perform loss adjustment duties unless outside of their selling and servicing area as described in PAR. 8 B (17).

B    <u>Loss Adjustment Responsibilities</u>.  Responsibilities include (but are not limited to) the following:

(1)    Be thoroughly familiar with the insured's contract folder or print-out supplied by the insurance provider showing the insured's coverage that is in effect, and all insurance documents (or data from documents) that pertain to the insured's insurance contract in the county.  Verify and/or determine and document the information as specified in this handbook or other FCIC-issued procedures necessary for loss adjustment.

(2)    Use loss forms, loss procedures, and any other issuance (containing information relating to loss adjustment) that are in accordance with FCIC-issued loss form standards and loss adjustment standards or other FCIC issued bulletins, information memorandums, etc., to perform all loss adjustment duties.  DO NOT deviate from FCIC-issued procedures without prior written approval from FCIC. (The insurance provider will provide the appropriate parties with any FCIC-approved deviations.)

(3)    Use and be proficient with the applicable loss adjustment equipment.

(4)    Identify the type of inspection that will be made.  All inspections will fall into three types:  (1) Indemnity (including prevented planting indemnities), (2) Replant Payment Inspections, and (3) Special Contract Services Inspections.

(5)    Visit farms for the purpose of inspecting damaged or destroyed crops during the growing season or following harvest.

(6)    Explain to insureds their contractual responsibilities, filing procedures, and what will be done during the inspection.

(7)    During farm visit:

(a)    Determine and/or verify any insured and uninsured causes of loss. Establish production or dollar amount to count from appraisals for uninsured causes of loss.

(b)    Determine and/or verify the time of loss.

party assigned by the insurance provider) prior to payment of the claim. Generally, the insurance provider will accompany the adjuster on the initial loss adjustment inspection and will conduct the review at the same time. If it is not known prior to the loss adjustment inspection that the claim is for an employee or any other person described herein, the adjuster is to notify the insurance provider immediately so that an insurance provider representative has the opportunity to accompany the adjuster during the inspection.

H   <u>DO NOT finalize claims until you are satisfied with all determinations</u>, including but not limited to:

   (1)   Total disposition of the crop;

   (2)   Value (or reduction in value (RIV), if applicable) of the crop needed for quality adjustment purposes. Special care must be given when there are zero value (1.000 RIV) offers (or non-marketability) in a local area or extremely low market price (or extremely high RIV, if applicable) for the crop in the local marketing area (See PAR. ██ H.); and

   (3)   The insured's Certification Form, if applicable, has been received and verified. See PAR. ██.

I   <u>Indemnity Due</u>. If an indemnity is due, refer to the individual crop handbooks for procedure in completing the claim.

J   <u>"No Indemnity Due" Claims</u>

   (1)   "No Indemnity Due" claims must be verified by an APPRAISAL or NOTIFICATION from the insured that the production exceeded the production guarantee (or value of crop exceeded the dollar guarantee, if applicable); i.e., damage/amount of loss (or revenue) was not great enough to generate a loss.

   (2)   If it is determined that NO INDEMNITY IS DUE during an inspection:

      (a)   Complete the inspection;

      (b)   Record all pertinent information on either of the following:

         <u>1</u>   the claim as instructed in the crop handbook, OR

         <u>2</u>   if directed by the insurance provider, complete and have the insured sign a "Withdrawal of Claim," ████-M920 or other FCI approved "Withdrawal of Claim" form rather than prepare a "No Indemnity Due;" and

      (c)   If inspection determinations indicate a reduction in premium is applicable, follow the insurance provider's instructions.

K   <u>Final Claims Based on Appraised Production that Is Later Harvested</u>

If a claim is to be settled on the basis of appraised production, the insured must agree to notify the insurance provider if the appraised acreage is later harvested. The harvested

E   Purpose of Farm Visit. In actuality, questionable claims may be investigated when there is some indication that legal action may occur. This is still a legitimate function as long as the information is intended for insurance provider use. Consideration must not be given as to the eventual evidentiary value of the information. If it is discovered upon cross examination that a particular farm visit was for the purpose of obtaining evidence for criminal or civil prosecution, that visit could be considered to have a law enforcement purpose. The absence of prescribed law enforcement procedures would render the information inadmissible.

F   Promises to Insured for Cooperation. It should be kept in mind that any promises made to an insured for cooperation may render the information inadmissible, and possibly impose civil liability on the person(s) who made such an offer. Any evidence, no matter how small, indicating that the information supplied by the insured was in consideration of a waiver of civil or criminal charges can void a successful prosecution or, at the least, devalue the evidentiary weight of such evidence.

## CONTROVERSIAL CLAIM PROCEDURE

If the insured will not agree with the adjustment data, refer the case to the insurance provider. The insurance provider representative and the adjuster will review the case with the insured and make every effort to resolve it.

**If an agreement cannot be reached with the insured, insurance providers will follow the procedure in A and B below or use a MPCI Non-Waiver Agreement. If a MPCI Non-Waiver Agreement is used, follow the instructions provided by the insurance provider for completing this form, and follow the documentation procedures in C below.**

A   Prepare Two Claims

   (1)   One claim showing the data submitted by the insured, signed only by the insured. (The insured should be provided a copy of the claim and any appraisal worksheets or other documents signed by the insured at the time of this inspection.)

   (2)   The other claim showing the data determined and the date signed by the insurance provider representative(s).

B   Submission of Claims. Submit both sets of the claims to the person or office designated by your insurance provider along with complete documentation. See C below.

C   Documentation. To the extent possible, the documentation will include the following:

   (1)   Interviews with the insured, the insured's employees, neighbors, other persons recommended by the insured as having knowledge of the facts in the case, and additional individuals the insurance-provider-representative determines to have information relevant to the case. The insurance-provider-representative conducting the interview should be accompanied by another individual represented by the insurance provider.

   (2)   Signed statements by the insured and other persons interviewed. The insured should personally prepare a detailed Special Report to document the points of disagreement in support of the claim as submitted.

M – 901 LAM                                   238                          ©NCIS – FEBRUARY 2004

# EX. 4

Form 718



**crop**
INSURANCE
*Representing*
*Occidental Fire & Casualty Co.*

# CROP INSURANCE
# WITHDRAWAL OF CLAIM

| 1. Insured's Name / Tax ID# | 2. Policy No. | 3. Claim No. |
|---|---|---|

| 4. Crop(s): | | | |
|---|---|---|---|

| 5. Unit(s): | | | |
|---|---|---|---|

| 6. Insurance Provider Name | 7. Insurance Provider Address |
|---|---|

| 8. Agency Name | 9. Agency Address |
|---|---|

For the unit numbers listed above I withdraw this claim against the Insurance Provider on this policy up to this date.
I agree and understand that signing this withdrawal in no way changes the terms of the policy nor affects any other loss that may subsequently occur.

| 10. Insured's Signature | Date |
|---|---|

(See reverse side of form for statement required by Privacy Act of 1974)

## COLLECTION OF INFORMATION AND DATA (PRIVACY ACT)

To the extent that the information requested herein relates to your individual capacity as opposed to your business capacity, the following statements are made in accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a). The authority for requesting information to be furnished on this form is the Federal Crop Insurance Act, (7 U.S.C. 1501 et seq.) and the Federal crop insurance regulations contained in 7 C.F.R. chapter IV.

Collection of the social security account number (SSN) or the employer identification number (EIN) is authorized by section 506 of the Federal Crop Insurance Act (7 U.S.C. 1506), and is required as a condition of eligibility for participation in the Federal crop insurance program. The primary use of the SSN or EIN is to correctly identify you, and any other person with an interest in you or your entity of 10 percent or more, as a policyholder within the systems maintained by the Federal Crop Insurance Corporation (FCIC). Furnishing the SSN or EIN is voluntary; however, failure to furnish that number will result in denial of program participation and benefits.

The balance of the information requested is necessary for the insurance company and FCIC to process this form to: provide insurance; provide reinsurance; determine eligibility; determine the correct parties to the agreement; determine and collect premiums or other monetary amounts (including administrative fees and over payments); and pay benefits. The information furnished on this form will be used by Federal agencies, FCIC employees, insurance companies, and contractors who require such information in the performance of their duties. The information may be furnished to: FCIC contract agencies, employees and loss adjusters; reinsured companies; other agencies within the United States Department of Agriculture; The Department of Treasury including the Internal Revenue Service; the Department of Justice, or other Federal or State law enforcement agencies; credit reporting agencies and collection agencies; other Federal agencies as requested in computer matching programs; and in response to judicial orders in the course of litigation. The information may also be furnished to congressional representatives and senators making inquiries on your behalf. Furnishing the information required by this form is voluntary; however, failure to report the correct and complete information requested may result in rejection of this form; rejection of any claim for indemnity, replanting payment, or other benefit; ineligibility for insurance; and a unilateral determination of any monetary amounts due.

## NONDISCRIMINAT ION STATEMENT

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

# EX. 5



*Marketed by*
**crop**
INSURANCE
*Representing*
*Occidental Fire & Casualty Co.*

**SIMPLIFIED CLAIMS QUALIFICATION AND NOTICE OF LOSS FORM**
For proper service, you must fill in all blanks and answer all questions as completely as possible

717

Name   ADOLF J BOYSEN TRUST              Policy Number   IA-502-1001235-03              Run Date  4/7/2003

My Phone Number: (319)523-8441          My Insurance Agent is: JOHN DEERE RISK PROTECTION    Town: WAPELLO, IA

| LOSS UNIT# | CROP | CAUSE OF LOSS | | DATE OF DAMAGE | | HARVEST COMPLETION DATE | ASSIGNMENT OF INDEMNITY? | TRANSFER OF RIGHT TO INDEMNITY? |
|---|---|---|---|---|---|---|---|---|
| | | PRIMARY | SECONDARY | PRIMARY | SECONDARY | | | |
| | | | | | | | YES OR NO | YES OR NO |
| | | | | | | | YES OR NO | YES OR NO |
| | | | | | | | YES OR NO | YES OR NO |
| | | | | | | | YES OR NO | YES OR NO |
| | | | | | | | YES OR NO | YES OR NO |

NOTE: Please use a separate form for additional loss units

Carefully consider each of the following questions and circle YES or NO

1.  Has all acreage of the unit(s) for which you are claiming a loss been harvested?                                    YES  NO
2.  Has all of the production from the unit(s) for which you are claiming a loss been sold or commercially stored?      YES  NO
3.  Have you completed harvest of all insurable acreage for all crops on your policy? NOTE: This would include the crop(s)   YES  NO
    for which you are now claiming a loss as well as any other you may have on your policy
4.  If you answered NO to the above question, do you anticipate any additional loss units for any crop this crop year?  YES  NO
5.  Has any production from any acreage involved with you claim been farm stored, fed to livestock , or saved for seed? YES  NO
6.  Do you have third party verification(i.e. summary/settlement sheets) available for 100 percent of the production from   YES  NO
    all loss units being claimed?(This must include BOTH landlord and tenant shares, when applicable)
7.  Is damage similar to other farms in the area?                                                                       YES  NO
8.  Are you or any member of your household directly associated with the Federal Crop Insurance program(i.e. agent, agency
    owner, loss adjuster, FCIC employee, insurance provider employee or contractor)?
9.  If you have less than 100% share in any loss unit, does the other sharing party also carry insurance?               YES  NO
10. Was all acreage of your insured crop(s) in the county, in which you have a share, reported by you on your areage report?  YES  NO
11. On the specific unit(s) for which you are claiming a loss, is your summary of Coverage correct for:
    a.  Your share?                                                                                                      YES  NO
    b.  The legal description(s) and/or the FSA farm serial number?                                                      YES  NO
    c.  The practice as actually carried out by you(i.e. If you reported your practice as irrigated, was water applied   YES  NO
        at the proper time and rate?)
    d.  The type or variety(if applicable)?                                                                             YES  NO
    e.  The total acreage(is within 5% of what you reported)?                                                           YES  NO

This form serves as written verification of your notice of loss and as an aide in determining qualified insureds for the Simplified Claims Processing(SCP)Pilot. We may rely on the information you provide on, or, attach to, this form in making material determinations in the preparation of your claim. Once this Notice of Loss Form is completed and supporting documentation has been received by your insurance provider, it will be determined whether or not your claim qualifies for the SCP. If it DOES qualify, the appropriate claim for indemnity form(s) will be prepared and sent to you for your signature and return. The claim form(s) will contain all the necessary data and production information to complete your claim. If qualified, you will have your claim processed in the most expedient manner possible. You will not need to wait for an adjuster. The SCP is subject to an in field review for compliance to established policies and procedures. If your claim DOES NOT qualify for the SCP, you will be contacted in the near future by a claims representative to set up an appointment to adjust your loss.

Supporting documentation must be attached to this form and delivered to the address provided by your agent or insurance provider. You must attach either a settlement sheet(s), summary sheet(s) or similar third party ledger(s) that accounts for all production from any crop unit for which you claiming a loss. Individual load tickets will not qualify. Individual loads on any settlement/summary sheet(s) must be clearly marked to indicate which unit they came from. If you have FSA or similar measurement service such as utilization of Global Positioning System, remote sensing devices, etc. for the current crop year, please attach copies. In all cases you must attach copies of maps identifying each field, crop and acreage by loss unit. The per unit acreage used in calculating any indemnity will be the lesser of your reported acres of your actual planted acres.

By signing below I certify, to the best of my knowledge, the information provided(including all attachments) is true and complete and may be used when determing my loss, if any, to my insured crop(s). I understand that this form and supporting papers are subject to audit and approval by the company, I understand that this crop insurance is subsidized and reinsured by the Federal Crop Insurance Corporation, an agency of the United States. I understand that any false or inaccurate information may result in the sanction outlined in my policy and administrative, civil and crimial sanctions under 18 U.S.C. 1066 and 1014; 7 U.S.C. 1506; 31 U.S.C. 3729 and 3730 and other federal statutes.

Signed_____    Date_____

Company Use:

Verifier's Signature Code # and Date:

Page_____ of _____

**3046029**

## COLLECTION OF INFORMATION AND DATA (PRIVACY ACT)

This application is accepted and insurance attaches in accordance with the policy unless: (1) The Federal Crop Insurance Corporation determines that, in accordance with the regulations, the risk is excessive; (2) any material fact is omitted, concealed or misrepresented in this application or in the submission of this application; (3) you have failed to provide complete and accurate information required by this application; (4) the answer to any of the following questions is "yes." An answer of yes to these questions does not automatically result in rejection of the application. For example, if you answer yes to question (a) but your debt was discharged in bankruptcy, the application would not be rejected.

I understand that if coverage for any crop is currently terminated or would have subsequently terminated for indebtedness had this application been filed after the termination date, no coverage can be provided and I am ineligible for any benefits under the Federal Crop Insurance Act until the cause for termination is corrected.

We will notify you of rejection by depositing notification in the United States mail, postage paid, to the applicant's address. Unless rejected or the sales closing date has passed at the time you signed this application, the contract shall be in effect for the crops and crop years specified and shall continue for each succeeding crop year, unless otherwise specified in the policy, until canceled, terminated or voided. The insurance contract, which includes the accepted application, is defined in the regulation published at 7 CFR chapter IV. No term or condition of the contract shall be waived or changed unless such waiver or change is expressly allowed by the contract and is in writing.

## NONDISCRIMINATION STATEMENT

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity employer.

# EX. 6

BULLETIN NO.: MGR-98-030

TO:      All Reinsured Companies
         All Risk Management Field Offices

FROM:    Kenneth D. Ackerman /s/ Ken Ackerman     10-9-98
         Administrator

SUBJECT: Simplified Claims Processing Pilot Standards

BACKGROUND:

The Risk Management Agency (RMA) has reviewed the use of the Simplified Claims Proce
(SCP) Pilot Program implemented for the 1996 and succeeding crop years.  The review
that some of the rigidity and restrictions of the standards may have limited its use
implementation by reinsured companies.  Therefore, little credible experience has be
date for testing this initiative.

ACTION:

To make SCP more acceptable for implementation, RMA has modified the SCP Pilot Progr
effective for the 1999 and 2000 crop years as follows:

1    The crops and criteria for claims to qualify for SCP are as follows:

     A    Eligible crops are: almonds, barley, canning and processing sweet corn, can
          corn, cotton, dry beans, dry peas, flax, grain sorghum, green peas, oats, p
          popcorn, rice, rye, soybeans, sugar beets, sunflowers, tobacco, wheat, and
          crops covered under the Crop Revenue Coverage (CRC), Revenue Assurance
          (RA), and Income Protection (IP) plans of insurance.

     B    Eligible crop policies may be designated in any risk sharing fund of the St
          Reinsurance Agreement.

     C    Crop policies with basic, optional, whole farm, or enterprise units are eli
          provided all other SCP criteria are met.

     D    SCP can be used on a unit containing both planted and prevented planted acr
          provided a prevented planting claim has been finalized prior to submission
               SCP claim on the planted portion of the unit.□

     E    The gross indemnity (insured's share prior to any dollar amount due the ins
          provider) must not be greater than $5,000 for any optional unit.  The gross
          indemnity must not be greater than $10,000 for any basic, whole farm, or
          enterprise crop unit.  When calculating the gross indemnity, replanting pay
          and prevented planting payments may be excluded.

     F    Field level spot checks must be completed in accordance with Manual 14.  If
          SCP claim has been submitted for the current crop year and an indemnity was
          using SCP procedures during either of the previous 2 crop years, a spot che
          must be completed for the current crop year.

     G    All planted acreage in the unit must be harvested.  EXCEPTION:  Claims with
          on-site preliminary inspection where acreage was determined, appraised and
          release made for the unit may be finalized under SCP, provided none of the
          appraised acres have been harvested.

          (1)  Third-party, written verification must be available and submitted by t
               insured that accounts for all production from all indemnified units.
               (Settlement sheets or summary sheets  are acceptable; however,

individual load weight tickets are not acceptable).

(2) No portion of the crop may be left in the field except appraisals made preliminary inspections as outlined in the "Exception" in G above.

(3) Copies of either Farm Service Agency (FSA) acreage measurements or third-party measurements as allowed by the 1998 LAM, paragraph 95, must also be provided by the insured, if available. Otherwise, copies aerial photos identifying each field, crop planted in each field, and of acres in each field must be provided. In all cases, the applicable indemnified unit acreage must be identified. If the insured does not acceptable acreage measurements available, but acceptable previous measurements (as defined in paragraph 95 of the LAM) are available to company, the company must use these measurements.

H   Any crops listed in Item A that have claims involving quality adjustment ma qualify for SCP when the preestablished discount factors (to determine qual adjustment factors) for the level and type of damage are contained in the a documents. Factors that affect quality must be determined by a licensed gr grader under the authority of the United States Grains Standards Act or the States Warehouse Act. Cotton claims with quality adjustment may also quali SCP as cotton quality adjustment factors are obtained from the Daily Spot C Quotations published by the Agricultural Marketing Service.

☐I   Claims involving any of the following conditions are not eligible.

(1) Farm-stored production, even if weighed and returned to farm.
(2) Claims with only prevented planting, and prevented planting claims th have not been finalized prior to the submission of the SCP claim for planted portion of the unit.
(3) Corrected claims.
(4) Delayed claims.
(5) Claims requiring a revised acreage report unless it is a downward rev in liability, that results from third-party verified documentation ag and supplied by the insured.
(6) Nonstandard Classification System (NCS) insureds. (Not applicable for 1999 and succeeding years).
(7) Reinsured company employees, loss adjusters, agents, or FCIC/RMA employees or any spouse or family member residing in the same househo as any such person.
(8) Zero production is reported.
(9) Production fed to livestock.
(10) Crops covered under a pilot program that has been in effect for 2 or crop years.
(11) Claims involving quality adjustment if there are no preestablished di factors (to determine quality adjustment factors) contained in the ac documents for the level or type of damage. (e.g., mycotoxin).

J   Reinsured companies must not allow their agents to complete or become invo in SCP claims.

K   All reinsured companies must use appropriate discretion in their use of SC they would in administrating any claims procedure.

L   If FCIC determines that a reinsured company or managing general agent does have a satisfactory performance record as defined in the Standard Reinsura Agreement, use of this procedure by such reinsured company or managing gen agent shall be suspended until such time that a satisfactory performance r been restored.

2    Reinsured companies must report as follows:

    A    SCP claims data for the Data Acceptance System (DAS) must be processed in accordance with Manual 13 requirements.  The reinsured company is responsi for ensuring that the SCP is administered in a way that the information co and submitted through DAS is accurate.

    B    All SCP claims must be completed on a form that has been approved by RMA f the collection of loss information.

    C    Use of SCP for a policyholder is not permitted if misrepresentation of any fact is suspected.

3    RMA will conduct on-site evaluations and reviews of the SCP Pilot Program and recommend improvements, as necessary.

4    Reinsured company and producer participation in the SCP Pilot Program is volunt

5    This bulletin replaces and obsoletes Manager's Bulletins MGR-96-005 and MGR-96-005.1.

DISPOSAL:

THIS BULLETIN WILL REMAIN IN EFFECT UNTIL MARCH 1, 2001.

# EX. 7

Marketed by

# crop
INSURANCE

*Representing*
*Occidental Fire & Casualty Co.*

**CROP INSURANCE POWER OF ATTORNEY**

FORM 105

The Undersigned does hereby make, constitute and appoint _____

of_____ , County of _____

State of _____ , the true and lawful attorney, for and in the name, place and stead of the

undersigned in connection with Multiple Peril Crop Insurance policy number_____

issued or to be issued by Crop1 Insurance.

The undersigned gives and grants unto said attorney full authority and power to do and perform actions as indicated below, fully ratifying and confirming all that said attorney will lawfully do or cause to be done by virtue hereof.

1. Make application(s) for insurance
2. Make crop acreage reports
3. Give notice of damage of loss
4. Make claim(s) for indemnity
5. Making Contract Change
6. Making transfers and cancellations
7. Providing program required production reports
8. Taking all actions related to crop insurance for the above identified policy number

This Power of Attorney shall be filed at the office where the official file folder is maintained and shall remain in full force and effect until written notice of its revocation has been received by the office maintaining the official file folder (such revocation shall be placed in the official file folder).

This Power of Attorney is signed and dated at_____ this _____

                 (City & State)        (Date)

day of _____ , _____ .

    (Month)      (Year)

_____

Witness' Printed Name

_____    _____

Witness' Signature            Insured's Signature

I hereby accept the following appointment: _____

               Signature of Person Accepting Power of Attorney

| ACKNOWLEDGMENT (For Use by Notary Public) |
|---|
| (Use acknowledgment form required by the State where acknowledgment is taken) |
| Note: Power of Attorney only has to be notarized in states which require it to be notarized. |

State of: _____

County of: _____

_____
   Signature of Notary

See reverse side of form for statement required by Privacy Act of 1974

## COLLECTION OF INFORMATION AND DATA (PRIVACY ACT)

To the extent that the information requested herein relates to your individual capacity as opposed to your business capacity, the following statements are made in accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a). The authority for requesting information to be furnished on this form is the Federal Crop Insurance Act, (7 U.S.C. 1501 et seq.) and the Federal crop insurance regulations contained in 7 C.F.R. chapter IV.

Collection of the social security account number (SSN) or the employer identification number (EIN) is authorized by section 506 of the Federal Crop Insurance Act (7 U.S.C. 1506), and is required as a condition of eligibility for participation in the Federal crop insurance program. The primary use of the SSN or EIN is to correctly identify you, and any other person with an interest in you or your entity of 10 percent or more, as a policyholder within the systems maintained by the Federal Crop Insurance Corporation (FCIC). Furnishing the SSN or EIN is voluntary; however, failure to furnish that number will result in denial of program participation and benefits.

The balance of the information requested is necessary for the insurance company and FCIC to process this form to: provide insurance; provide reinsurance; determine eligibility; determine the correct parties to the agreement; determine and collect premiums or other monetary amounts (including administrative fees and over payments); and pay benefits. The information furnished on this form will be used by Federal agencies, FCIC employees, insurance companies, and contractors who require such information in the performance of their duties. The information may be furnished to: FCIC contract agencies, employees and loss adjusters; reinsured companies; other agencies within the United States Department of Agriculture; The Department of Treasury including the Internal Revenue Service; the Department of Justice, or other Federal or State law enforcement agencies; credit reporting agencies and collection agencies; other Federal agencies as requested in computer matching programs; and in response to judicial orders in the course of litigation. The information may also be furnished to congressional representatives and senators making inquiries on your behalf. Furnishing the information required by this form is voluntary; however, failure to report the correct and complete information requested may result in rejection of this form; rejection of any claim for indemnity, replanting payment, or other benefit; ineligibility for insurance; and a unilateral determination of any monetary amounts due.

## NONDISCRIMINATION STATEMENT

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

# EX. 8



*Representing*
*Occidental Fire & Casualty Co.*

**MULTIPLE PERIL CROP INSURANCE**
**OPTIONAL ENDORSEMENT**
**HIGH-RISK LAND EXCLUSION OPTION**

Form 104

### (This is a continuous endorsement - see item 5)

| INSURED'S NAME | POLICY NUMBER | CROP YEAR |
|---|---|---|
| STREET or MAILING ADDRESS | CROP(S) | |
| CITY, STATE & ZIP CODE | COUNTY(IES) | |
| IDENTIFICATION NO (SSN/TAX) | | |

Upon our approval of this Option, we agree to amend your Multiple Peril Crop Insurance Policy to exclude from crop insurance coverage all high-risk land for the identified crop(s) and county(ies) in which you have a share, subject to the following terms and conditions:

1.　The Option must be submitted to us on or before the final date for accepting applications for the initial crop year in which you wish to exclude high-risk land.

2.　In the event of a loss on any insured unit, you must provide separate production records showing planted acreage and harvested production for any acreage which is excluded from crop insurance coverage under this Option.

3.　By signing this Option, you are declining crop insurance coverage under the general crop insurance policy and the crop endorsement on your high-risk land.

4.　As used in this Option, "high-risk" land is any land to which a high-risk classification and premium rate factors are contained on the actuarial document.

5.　This Option may be canceled by either you or us for any succeeding crop year by giving written notice on or before the cancellation date provided by the policy, preceding such crop year.

6.　You must report, on the acreage report for each crop year, the acreage of the crop planted on high-risk land.

7.　All other provisions of the policy not in conflict with this Option are applicable.

The information I have furnished on this form is complete and accurate. I understand that any false or inaccurate information may result in the sanctions outlined in my policy and administrative, civil, and criminal sanctions under 18 U.S.C. §§1006 and 1014; 7 U.S.C. §1506; 31 U.S.C. §§3729 and 3730 and other federal statutes.

| INSURED'S SIGNATURE | DATE |
|---|---|

| AGENT'S SIGNATURE & CODE NUMBER | DATE |
|---|---|

| APPROVED BY (SIGNATURE OF) INSURANCE PROVIDER'S REPRESENTATIVE | DATE |
|---|---|

INSURANCE PROVIDER'S NAME AND ADDRESS

See reverse side of form for statement required by Privacy Act of 1974

**COLLECTION OF INFORMATION AND DATA (PRIVACY ACT)**

To the extent that the information requested herein relates to your individual capacity as opposed to your business capacity, the following statements are made in accordance with the Privacy Act of 1974, as amended (5 U.S.C. 552a). The authority for requesting information to be furnished on this form is the Federal Crop Insurance Act, (7 U.S.C. 1501 et seq.) and the Federal crop insurance regulations contained in 7 C.F.R. chapter IV.

Collection of the social security account number (SSN) or the employer identification number (EIN) is authorized by section 506 of the Federal Crop Insurance Act (7 U.S.C. 1506), and is required as a condition of eligibility for participation in the Federal crop insurance program. The primary use of the SSN or EIN is to correctly identify you, and any other person with an interest in you or your entity of 10 percent or more, as a policyholder within the systems maintained by the Federal Crop Insurance Corporation (FCIC). Furnishing the SSN or EIN is voluntary; however, failure to furnish that number will result in denial of program participation and benefits.

The balance of the information requested is necessary for the insurance company and FCIC to process this form to: provide insurance; provide reinsurance; determine eligibility; determine the correct parties to the agreement; determine and collect premiums or other monetary amounts (including administrative fees and over payments); and pay benefits. The information furnished on this form will be used by Federal agencies, FCIC employees, insurance companies, and contractors who require such information in the performance of their duties. The information may be furnished to: FCIC contract agencies, employees and loss adjusters; reinsured companies; other agencies within the United States Department of Agriculture; The Department of Treasury including the Internal Revenue Service; the Department of Justice, or other Federal or State law enforcement agencies; credit reporting agencies and collection agencies; other Federal agencies as requested in computer matching programs; and in response to judicial orders in the course of litigation. The information may also be furnished to congressional representatives and senators making inquiries on your behalf. Furnishing the information required by this form is voluntary; however, failure to report the correct and complete information requested may result in rejection of this form; rejection of any claim for indemnity, replanting payment, or other benefit; ineligibility for insurance; and a unilateral determination of any monetary amounts due.

**NONDISCRIMINATION STATEMENT**

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD).

To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.