**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL CROP INSURANCE SERVICES, INC.<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>OCCIDENTAL FIRE & CASUALTY COMPANYOF NORTH CAROLINA and CROP1 INSURANCE DIRECT, INC. d/b/a CROP1 INSURANCE, INC.<br><br>　　　　　Defendants | Civil Action No. 1:05cv01417<br><br>Judge: Richard W. Roberts |

**CROP1'S MOTION TO STRIKE OR, ALTERNATIVELY, FOR LEAVE
TO FILE A SURREPLY IN OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

Crop1 Insurance Direct, Inc. d/b/a Crop1 Insurance, Inc. ("Crop1"), by its undersigned counsel, respectfully moves to strike the supplemental declarations filed without leave of this Court in violation of LCvR 65.1 by National Crop Insurance Service, Inc. ("NCIS") and that portion of NCIS' Consolidated Response that relies on those supplemental declarations. Alternatively, Crop1 seeks leave to file a Surreply in Opposition to Plaintiff's Motion for Preliminary Injunction. In support of its motion, Crop1 states as follows:

　　　　1.　　Local Rule 65.1(c) prohibits the filing of supplemental affidavits in an action seeking a preliminary injunction without leave of the Court. NCIS, in its Consolidated Response, attached and relied upon supplemental declarations without requesting or obtaining such permission. NCIS' supplemental declarations should therefore be stricken for violating Local Rule 65.1(c) despite the fact that they were labeled as "declarations" instead of

"affidavits." Likewise, those portions of NCIS' Consolidated Response memorandum that cite to and rely on those supplemental declarations also should be stricken.

2.   In the alternative, Crop1 seeks leave of this Court to file a short Surreply in Opposition to Plaintiff's Motion for Preliminary Injunction, in order to address certain new and erroneous factual assertions regarding NCIS' Motion for a Preliminary Injunction which are contained in its Consolidated Brief and supplemental declarations.

3.   On Friday, September 02, 2005, counsel for Crop1 telephoned counsel for NCIS and attempted to confer regarding the instant motion in accordance with Local Rule 7(m). Counsel for Crop1 left a voicemail message for Michael Tucci, and spoke in person with Penny Slicer. As of the time of filing of this motion, the parties were not able to reach an agreement on the issues raised in this motion.

4.   Crop1 has attached hereto its Memorandum in Support of its Motion to Strike or, Alternatively, for Leave to File a Surreply in Opposition to Plaintiff's Motion for Preliminary Injunction. That Memorandum contains Crop1's proposed Surreply. Crop1 has also attached two proposed forms of Order.

**Wherefore**, Defendant Crop1 seeks entry of an order striking NCIS' supplemental declarations and striking those portions of its Consolidated Response memorandum that cite to and rely on those supplemental declarations. Alternatively, Crop1 seeks leave to file a Surreply in Opposition to Plaintiff's Motion for Preliminary Injunction, as set forth in the attached Memorandum.

September 2, 2005                                        Respectfully submitted,

Of Counsel:                                              _____/s/_____
                                                         Deborah Meshulam (D.C. Bar No. 495355)
David E. Mendelsohn                                      Cristen E. Sikes (D.C. Bar No. 473461)
(*Pro Hac Vice admission pending*)                       DLA Piper Rudnick Gray Cary US LLP
Kenneth L. Schmetterer                                   1200 Nineteenth Street, NW 7th Floor
(*Pro Hac Vice admission pending*)                       Washington, D.C. 20036-2412
Michael Kasdin                                           TEL:  202-861-3900
(*Pro Hac Vice admission pending*)                       FAX:  202-689-7612
DLA Piper Rudnick Gray Cary US LLP
203 N. LaSalle Street, Suite 1900                        Attorneys for Defendant
Chicago, Illinois 60601                                  Crop1 Insurance Direct, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL CROP INSURANCE SERVICES, INC.<br><br>　　　　Plaintiff<br><br>　　v.<br><br>OCCIDENTAL FIRE & CASUALTY COMPANYOF NORTH CAROLINA and CROP1 INSURANCE DIRECT, INC. d/b/a CROP1 INSURANCE, INC.<br><br>　　　　Defendants | Civil Action No. 1:05cv01417<br><br>Judge: Richard W. Roberts |

**MEMORANDUM IN SUPPORT OF CROP1'S MOTION TO STRIKE OR, ALTERNATIVELY, FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO <u>PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

**1. This Court Should Strike Plaintiff's Supplemental Declarations And The Corresponding Portions Of Its Consolidated Response Filed Without Leave Of This Court.**

Local Rule 65.1(c) prohibits the filing of supplemental affidavits in an action seeking a preliminary injunction without leave of the Court. NCIS, in its Consolidated Response, attached and relied upon supplemental declarations without requesting or obtaining such permission. NCIS' supplemental declarations should therefore be stricken for violating Local Rule 65.1(c) despite the fact that they were labeled as "declarations" instead of "affidavits." Likewise, those portions of NCIS' Consolidated Response memorandum that cite to and rely on those supplemental declarations also should be stricken.

> **2. In The Alternative, This Court Should Grant Crop1 Leave To File The Following Argument As Surreply In Opposition To Plaintiff's Motion For Preliminary Injunction**
>
>> a. **The case should be dismissed for lack of subject matter jurisdiction or, alternatively, the matter should not be transferred to another venue.**

Plaintiff cannot demonstrate a substantial likelihood of success on the merits of its claim, and thus its motion should be denied, because plaintiff cannot even establish this Court's jurisdiction over Crop1. Nor can plaintiff demonstrate that this case has any connection to the District of Columbia or that should remain in that jurisdiction even *if* the Court could exercise jurisdiction over Crop1. In further support of its position, Crop1 incorporates herein the arguments set forth in its Reply Memorandum in Support of Crop1's Motion to Dismiss or for Change in Venue.

>> b. **Even if this Court had jurisdiction over Crop1, and even if this Court were the appropriate venue, the motion for preliminary injunction still should be denied.**

NCIS puts some of its own documents side-by-side with those of Crop1 to underscore the similarities between those documents. In so doing, however, NCIS largely ignores the federally mandated forms or information requirements that establish why Multi Peril Crop Insurance Forms necessarily look substantially similar. Indeed, NCIS largely ignores the substantial similarities between its own documents and certain forms required by the Risk Management Agency's Document and Supplemental Standards Handbook ("DSSH") (*e.g.*, *compare* Pl. Ex. 7b with Rose Aff. ex. 2 at 50) or the fact that the content and ordering of its forms track the specific requirements for information established by the RMA (*e.g.*, *compare,* Pl's Ex. 8b *with* Rose Aff. ex. 2 at 67).

NCIS, in its response, now claims that it is <u>not</u> pursuing its copyright claim based on the text of its forms. (NCIS Resp. Br. at 22-23). That is not surprising since that text is essentially

required by the federal government.  Rather, NCIS now claims copyright infringement in the manner in which it is presented; *i.e.*, in the form or layout of these forms.  (*Id.*).  That *is* surprising, however, since NCIS expressly *struck and disclaimed* in its copyright registrations any attempt to claim a copyright in the form or layout of its Multi Peril Crop forms.  (Pl's Exhibits 5b, 6b, 7b and 8b).  For that reason as well, NCIS' argument must fail.

As to the crop hail documents, NCIS tries to explain its failure to bring to the court's attention the fact that an Agency Agreement existed between and among Crop1, CropUSA (an NCIS member) and Occidental.  NCIS explains that it requested, but did not receive, a full copy of the agreement from CropUSA.  (NCIS Resp. Br. at 16-17, n. 5).  NCIS, however, sued Crop1, not CropUSA, and never asked Crop1 for a copy of that agreement or anything else about Crop1's relationship with CropUSA before filing suit, even though it had been made aware of such an agreement.  (Rose Reply Aff. at ¶ 5).

Regardless, NCIS' attempt to minimize the significance of the Agency Agreement should fail.  NCIS largely argues that under its bylaws Crop1 is not entitled, as a General Agent of an NCIS member, to full membership status.  (NCIS Resp. Br. at 16-18; Pakerson Supp. Dec. at ¶ 16).  At the outset, NCIS' characterization of its by-laws should be disregarded as inadmissible hearsay, as the by-laws were not attached.  Regardless, the argument is a red herring.  Crop1 is not claiming to be a full member of NCIS.  It claims only that it was lawfully authorized to act within the scope of its agency agreement, and nowhere does NCIS suggest that Crop1 used crop hail documents outside of the limited scope of that agency relationship with an NCIS member.

Despite the questions NCIS tries to raise about the agency agreement, NCIS acknowledges that CropUSA is an NCIS member in good standing.  (*E.g.* Pakerson Supplemental Dec. at ¶ 7).  Like all corporate entities, CropUSA operates through its agents and

3

employees. Crop1 was such an agent, and had the lawful authority to act within the scope of that agency relationship. NCIS does not dispute this. For that reason as well, NCIS cannot demonstrate a "substantial" likelihood of success on the merits of its claim, even if this Court could exercise jurisdiction over Crop1.

**3. Conclusion.**

For the foregoing reasons, Crop1 requests entry of an order (a) striking plaintiff's supplemental affidavits and supporting memorandum relying upon those supplemental affidavits or, alternatively, (b) granting Crop1 leave to file its Surreply in Opposition to Plaintiff's Motion for Preliminary Injunction, and for such further relief as the Court deems just.

September 2, 2005                                            Respectfully submitted,

Of Counsel:                                                  _____/s/_____
                                                             Deborah Meshulam (D.C. Bar No. 495355)
David E. Mendelsohn                                          Cristen E. Sikes (D.C. Bar No. 473461)
(*Pro Hac Vice admission pending*)                           DLA Piper Rudnick Gray Cary US LLP
Kenneth L. Schmetterer                                       1200 Nineteenth Street, NW 7th Floor
(*Pro Hac Vice admission pending*)                           Washington, D.C. 20036-2412
Michael Kasdin                                               TEL: 202-861-3900
(*Pro Hac Vice admission pending*)                           FAX: 202-689-7612
DLA Piper Rudnick Gray Cary US LLP
203 N. LaSalle Street, Suite 1900                            Attorneys for Defendant
Chicago, Illinois 60601                                      Crop1 Insurance Direct, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2005, I caused a copy of the foregoing Motion To Strike Or, Alternatively, For Leave To File A Surreply In Opposition To Plaintiff's Motion For Preliminary Injunction, Memorandum in Support and accompanying proposed Order to be served on the following electronically and by first-class U.S. mail, postage pre-paid:

Michael E. Tucci
Stinson Morrison Hecker LLP
1150 18th Street, N.W. Suite 800
Washington, D. C. 20036-3816

Attorney for National Crop Insurance Services, Inc.
Michael S. Nadel
McDermott Will & Emery LLP
600 13th Street N.W.
Washington, D. C. 20005

Attorney for Occidental Fire & Casualty Company of North Carolina

Mary Hulett
Ragsdale Liggett P.L.L.C.
P. O. Box 31507
Raleigh, NC  27622-1507

Attorney for Occidental Fire & Casualty Company of North Carolina

/s/
Kenneth L. Schmetterer