**United States District Court
for the District of Columbia**

| | |
|---|---|
| National Crop Insurance Services, Inc.,<br>              *Plaintiff,*<br><br>      *v.*<br><br>Occidental Fire & Casualty Company of North Carolina, *et al.*,<br>                    *Defendants.* | Case No.   1:05-cv-01417 (RWR) |

<u>Answer to Plaintiff's First Amended Complaint For Damages
and for Injunctive and Declaratory Relief
by Defendant Occidental Fire & Casualty Company of North Carolina</u>

Defendant Occidental Fire & Casualty Company of North Carolina ("Occidental") for itself alone hereby answers the First Amended Complaint of Plaintiff National Crop Insurance Services, Inc. ("NCIS") as follows:

<u>Nature of Action</u>

1.      Answering paragraph 1 of the complaint, Occidental admits that this action involves allegations by NCIS of violations of 17 U.S.C. § 101 *et. seq.* and allegations of violations of 15 U.S.C. § 1125(a) and certain other allegations of conduct concerning Occidental and Crop1 Insurance Direct, Inc. d/b/a Crop

Insurance, Inc. ("Crop1").  Except as so admitted, Occidental denies each and every allegation contained in said paragraph.

2.    Answering paragraph 2 of the complaint, Occidental admits the allegations contained in the first sentence of said paragraph on information and belief.  Occidental admits that neither Occidental nor Crop1 is a member of NCIS.  Except as so admitted, Occidental denies each and every remaining allegation contained in said paragraph.

Jurisdiction and Venue

3.    Answering paragraph 3 of the complaint, including subparts a-c, Occidental admits the allegations of said paragraph, except that Occidental denies that the amount in controversy exceeds $75,000.00.

4.    Answering paragraph 4 of the complaint, Occidental admits that it is licensed to conduct property and casualty insurance business in the District of Columbia and further admits that Occidental is subject to personal jurisdiction in this court.  Occidental admits that Crop1 is its managing general agent but denies that Crop1 is its managing general agent in the District of Columbia and further denies that the defendants have conducted any business in the District of Columbia and denies that Crop1 is subject to personal jurisdiction in this court.

5.    Answering paragraph 5 of the complaint, Occidental denies each and every allegation of said paragraph.

Parties

6.     Answering paragraph 6 of the complaint, Occidental admits that NCIS is a not for profit corporation organized under the laws of the state of Kansas and that it conducts its business from its offices at 8900 Indian Creek Parkway, Suite 600, Overland Park, Kansas 66210 on information and belief. Except as so admitted, Occidental denies each and every remaining allegation of said paragraph.

7.     Answering paragraph 7 of the complaint, Occidental is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in said paragraph.

8.     Answering paragraph 8 of the complaint, Occidental admits that the federal crop insurance program is regulated, supervised, and partially funded by the Federal Crop Insurance Corporation ("FCIC"), an agency within the United States Department of Agriculture ("USDA").  Occidental further admits that the statutory framework for the Federal Crop Insurance Program is set forth in the Federal Crop Insurance Act, as amended ("FCIA"), 7 U.S.C. § 1501 *et. seq.*  Occidental further admits that the complaint uses the term "crop-hail coverage" to refer to privately developed crop insurance products for hail and wind damage and related perils and that the complaint uses the term "MPCI

Coverage" in referring to multiple peril crop insurance developed, regulated, and partially funded by FCIC under the FCIA.  Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of said paragraph, and on that basis denies each and every remaining allegation contained in said paragraph.

9.    Answering paragraph 9 of the complaint, Occidental admits the allegations of said paragraph.

10.    Answering paragraph 10 of the complaint, Occidental admits that Crop1 is domiciled in the State of Wyoming and has its principal place of business at 4532 114th Street, Des Moines, Iowa 50322.  Occidental denies that Crop1 conducts business throughout the United States.  Occidental is without sufficient knowledge or information to form a belief as to the truth of the allegation that NCIS "believes" in certain things and on that basis denies said allegation.  Occidental admits that Crop1 was its General Agent and that Crop USA was its Managing General agent in offering crop hail coverage in Illinois, Indiana, Iowa, Michigan, Minnesota, Nebraska, Texas, Washington, and Wisconsin [but denies that Crop1 actually offered crop hail coverage in all of those states].  Occidental admits that Crop1 was its Managing General Agent offering MPCI coverage in Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Texas,

Washington, and Wisconsin.  Occidental admits that Crop1 has been Occidental's managing agent since 2004 with respect to selling and servicing MPCI coverage.  Occidental denies that Crop1 has been Occidental's managing general agent at any time with respect to selling and servicing crop hail coverage.  Occidental admits that the statements alleged to have been made by Billy Rose and admits to the statements made by Kenneth C. Coon in said paragraph.  Occidental denies the last sentence of said paragraph and, except as so admitted or denied, denies every remaining allegation of said paragraph.

<u>Background Facts</u>

11.    Answering paragraph 11 of the complaint, Occidental denies the first full sentence of paragraph 11.  With regard to the remaining allegations of paragraph 11, including subparts a-e, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained in said paragraph.

12.    Answering paragraph 12 of the complaint, Occident is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in said paragraph.

13.    Answering paragraph 13 of the complaint, Occident is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in said paragraph.

14.    Answering paragraph 14 of the complaint, Occidental denies each and every allegation of said paragraph.

15.    Answering paragraph 15 of the complaint, Occidental denies each and every allegation of said paragraph.

16.    Answering paragraph 16 of the complaint, including subparts a-c, Occidental is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in said paragraph.

17.    Answering paragraph 17 of the complaint, Occidental is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained in said paragraph.

18.    Answering paragraph 18 of the complaint, Occidental admits that Crop1 has never been a member of NCIS and has never paid membership assessments and admits that Occidental has never been a member of NCIS and has never paid membership assessments.  Occidental admits that Crop1 had

access to certain NCIS materials as the managing general agent for ZC Insurance (later known as Converium) a member in good standing of NCIS until December 31, 2003 and Occidental admits that it had the benefits of membership for 2005 as a result of its relationship with Crop USA Insurance Agency, Inc. ("Crop USA") a member in good standing of NCIS.  Except as so admitted, Occidental denies each and every remaining allegation of said paragraph.

19.     Answering paragraph 19 of the complaint, Occidental denies that NCIS is an advisory organization and a statistical agent under the insurance laws of any state with regard to the offering of MPCI coverage.  Except as so denied, Occidental admits the remaining allegations of said paragraph.

20.     Answering paragraph 20 of the complaint, Occidental admits the allegations of said paragraph as it relates to crop hail insurance but denies said allegations as it relates to MPCI insurance.

21.     Answering paragraph 21 of the complaint, Occidental denies each and every allegation of said paragraph.

22.     Answering paragraph 22 of the complaint, Occidental denies each and every allegation of said paragraph.

23.     Answering paragraph 23 of the complaint, Occidental denies each and every allegation of said paragraph.

24.     Answering paragraph 24 of the complaint, Occidental denies each and every allegation of said paragraph.

25.     Answering paragraph 25 of the complaint, Occidental denies each and every allegation of said paragraph.

26.     Answering paragraph 26 of the complaint, Occidental denies each and every allegation of said paragraph.

27.      Answering paragraph 27 of the complaint, Occidental denies each and every allegation of said paragraph.

28.     Answering paragraph 28 of the complaint, Occidental admits that Crop1, on behalf of Occidental's managing general agent Crop USA, made certain crop hail filings using certain NCIS forms which Crop USA as a member in good standing, had a right to use.  Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

29.     Answering paragraph 29 of the complaint, Occidental admits that Crop1, on behalf of its managing general agent Crop USA, made certain crop hail filings using certain NCIS forms which Crop USA as a member in good standing, had a right to use.  Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

30.    Answering paragraph 30 of the complaint, Occidental admits that Crop1, on behalf of its managing general agent Crop USA, made certain crop hail filings using certain NCIS forms which Crop USA as a member in good standing, had a right to use.  Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

31.    Answering paragraph 31 of the complaint, Occidental admits that Crop1, on behalf of Occidental's Managing General Agent Crop USA, made a crop hail coverage filing as described in paragraph 31.  Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

32.    Answering paragraph 32 of the complaint, Occidental admits that the Nebraska filing made the representations in said paragraph but denies that said statements were misrepresentations.

33.    Answering paragraph 33 of the complaint, Occidental denies that the Nebraska filing was in any way improper.  Except as so denied, Occidental is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

34.    Answering paragraph 34 of the complaint, Occidental denies that it did anything improper and asserts that it had full authority to rely upon NCIS FALC filings through its managing general agent, Crop USA.    Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

35.    Answering paragraph 35 of the complaint, Occidental admits that Crop1, on behalf of Occidental's Managing General Agent Crop USA, made a crop hail coverage filing as generally described in paragraph 35.    Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

36.    Answering paragraph 36 of the complaint, Occidental admits that the Iowa filing made the representations in said paragraph but denies that said statements were misrepresentations.

37.    Answering paragraph 37 of the complaint, Occidental denies that the Iowa filing was in any way improper.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

38.    Answering paragraph 38 of the complaint, Occidental denies making any false representations.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

39.    Answering paragraph 39 of the complaint, Occidental denies that it did anything improper and asserts that it had full authority to rely upon NCIS FALC filings through its managing general agent, Crop USA.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

40.    Answering paragraph 40 of the complaint, Occidental admits that Crop1, on behalf of Occidental's managing general agent Crop USA, made a crop hail coverage filing as generally described in paragraph 40.  Except as so

admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

41.     Answering paragraph 41 of the complaint, Occidental admits that the Minnesota filing made the representations in said paragraph but denies that said statements were misrepresentations.

42.     Answering paragraph 42 of the complaint, Occidental denies that the Minnesota filing was in any way improper.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

43.     Answering paragraph 43 of the complaint, Occidental denies that the Minnesota filing was in any way improper.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

44.     Answering paragraph 44 of the complaint, Occidental denies that it did anything improper and asserts that it had full authority to rely upon NCIS FALC filings through its managing general agent, Crop USA.  Except as so

denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

45.    Answering paragraph 45 of the complaint, Occidental admits that Crop1, on behalf of Occidental's Managing General Agent Crop USA, made a crop hail coverage filing as generally described in paragraph 45.  Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

46.    Answering paragraph 46 of the complaint, Occidental admits that the Indiana filing made the representations in said paragraph but denies that said statements were misrepresentations.

47.    Answering paragraph 47 of the complaint, Occidental denies that the Indiana filing was in any way improper.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

48.    Answering paragraph 48 of the complaint, Occidental denies that the Indiana filing was in any way improper.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

49.    Answering paragraph 49 of the complaint, Occidental denies that it did anything improper and asserts that it had full authority to rely upon NCIS FALC filings through its managing general agent, Crop USA.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

50.    Answering paragraph 50 of the complaint, Occidental admits that Crop1, on behalf of Occidental's Managing General Agent Crop USA, made a crop hail coverage filing as generally described in paragraph 50.  Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

51.     Answering paragraph 51 of the complaint, Occidental admits that the Michigan filing made the representations in said paragraph but denies that said statements were misrepresentations.

52.     Answering paragraph 52 of the complaint, Occidental denies that the Michigan filing was in any way improper.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

53.     Answering paragraph 53 of the complaint, Occidental denies that the Michigan filing was in any way improper.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

54.     Answering paragraph 54 of the complaint, Occidental denies that it did anything improper and asserts that it had full authority to rely upon NCIS FALC filings through its managing general agent, Crop USA.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

55.     Answering paragraph 55 of the complaint, Occidental admits that Crop1, on behalf of Occidental's Managing General Agent Crop USA, made a crop hail coverage filing as generally described in paragraph 55.  Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

56.     Answering paragraph 56 of the complaint, Occidental admits that the Texas filing made the representations in said paragraph but denies that said statements were misrepresentations.

57.     Answering paragraph 57 of the complaint, Occidental admits that the Texas filing made the representations in said paragraph but denies that said statements were misrepresentations.

58.     Answering paragraph 58 of the complaint, Occidental denies that the Nebraska filing was in any way improper.  Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

59.     Answering paragraph 59 of the complaint, Occidental denies that it did anything improper and asserts that it had full authority to rely upon NCIS

FALC filings through its managing general agent, Crop USA. Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

60.    Answering paragraph 60 of the complaint, Occidental admits that Crop1, on behalf of Occidental's Managing General Agent Crop USA, made a crop hail coverage filing as generally described in paragraph 60. Except as so admitted, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

61.    Answering paragraph 61 of the complaint, Occidental denies that the Wisconsin filing was in any way improper. Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

62.    Answering paragraph 62 of the complaint, Occidental denies that the Wisconsin filing was in any way improper. Except as so denied, Occidental is without sufficient knowledge or information to form a belief as to the truth of

the remaining allegations contained in said paragraph and on that basis denies each and every remaining allegation contained in said paragraph.

63.    Answering paragraph 63 of the complaint, Occidental denies each and every allegation of said paragraph.

64.    Answering paragraph 64 of the complaint, Occidental denies each and every allegation of said paragraph.

65.    Answering paragraph 65 of the complaint, Occidental is without sufficient knowledge or information to form a belief as to the beliefs of NCIS and on that basis denies each and every allegation of said paragraph.

66.    Answering paragraph 66 of the complaint, Occidental is without sufficient knowledge or information to form a belief as to the beliefs of NCIS and on that basis denies each and every allegation of said paragraph.

67.    Answering paragraph 67 of the complaint, Occidental is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies each and every allegation contained in said paragraph.

68.    Answering paragraph 68 of the complaint, Occidental admits that Crop USA is a member in good standing of NCIS and that Crop USA, after submitting its original membership application to NCIS, disclosed on or about January 21, 2005 that it was the managing general agent for Occidental's crop

hail business.  Occidental further admits that Mr. Bremer made crop hail filings for Occidental in Illinois, Indiana, Michigan, Minnesota, Texas and Washington and that those filings were affiliated with Crop USA's NCIS membership.  Except as so admitted, Occidental denies each and every remaining allegation of said paragraph.

69.    Answering paragraph 69 of the complaint, Occidental denies each and every allegation of said paragraph.

<u>Claims for Relief</u>

Count I
(Violations of 17 U.S.C. § 101 *et. seq.*)

70.    Answering paragraph 70 of the complaint, Occidental incorporates herein by reference all of the admissions and denials contained in paragraphs 1 through 69.

71.    Answering paragraph 71 of the complaint, said paragraph sets forth statements of law to which no response is necessary.  To the extent any response is deemed necessary, Occidental denies that NCIS has any valid copyrights and further denies that Occidental has infringed on any valid copyrights of NCIS.

72.    Answering paragraph 72 of the complaint, Occidental denies each and every allegation of said paragraph.

73.    Answering paragraph 73 of the complaint, Occidental denies each and every allegation of said paragraph.

74.    Answering paragraph 74 of the complaint, Occidental denies each and every allegation of said paragraph.

75.    Answering paragraph 75 of the complaint, Occidental denies each and every allegation of said paragraph.

76.    Answering paragraph 76 of the complaint, Occidental denies each and every allegation of said paragraph.

77.    Answering paragraph 77 of the complaint, Occidental denies each and every allegation of said paragraph.

Count II
(Violation at 15 U.S.C. 1125)

78.    Answering paragraph 78 of the complaint, Occidental incorporates herein by reference all of the admissions and denials contained in paragraphs 1 through 69 of the complaint.

79.    Answering paragraph 79 of the complaint, Occidental denies each and every allegation of said paragraph.

80.    Answering paragraph 80 of the complaint, Occidental denies each and every allegation of said paragraph.

Count III
(Appropriation of Trade Secrets)

81.    Answering paragraph 81 of the complaint, Occidental incorporates herein by reference all of the admissions and denials contained in paragraph 1 through 69 of the complaint.

82.    Answering paragraph 82 of the complaint, Occidental denies each and every allegation of said paragraph.

83.    Answering paragraph 83 of the complaint, Occidental denies each and every allegation of said paragraph.

84.    Answering paragraph 84 of the complaint, Occidental denies each and every allegation of said paragraph.

85.    Answering paragraph 85 of the complaint, Occidental denies each and every allegation of said paragraph.

Count IV
Conversion

86.    Answering paragraph 86 of the complaint, Occidental incorporates herein by reference all of the admissions and denials contained in paragraphs 1 through 69 of the complaint.

87.    Answering paragraph 87 of the complaint, Occidental denies each and every allegation of said paragraph.

88.     Answering paragraph 88 of the complaint, Occidental denies each and every allegation of said paragraph.

Count V<br>Common Law Fraud

89.     Answering paragraph 89 of the complaint, Occidental incorporates herein by reference all of the admissions and denials contained in paragraphs 1 to 69 of the complaint.

90.     Answering paragraph 90 of the complaint, Occidental denies each and every allegation of said paragraph.

91.     Answering paragraph 91 of the complaint, Occidental denies each and every allegation of said paragraph.

92.     Answering paragraph 92 of the complaint, Occidental denies each and every allegation of said paragraph.

93.     Answering paragraph 93 of the complaint, Occidental denies each and every allegation of said paragraph.

<u>Affirmative Defenses</u>

1.     The Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Occidental.  The Complaint further fails to set forth facts sufficient to entitle NCIS to the relief sought, or any relief whatsoever, from Occidental.

2.     NCIS's Copyright Registrations are invalid and unenforceable because NCIS committed fraud on the Copyright Office when it knew, or should have known, its statements to the Copyright Office were false and the Copyright Office relied on such false statements when issuing the Registrations.

3.     NCIS's Copyright Registrations are invalid because the material alleged to have been added to the works do not contain the requisite degree of authorship and therefore are not protected by copyright.

4.     NCIS's Copyright Registrations are invalid and or unenforceable because the insurance forms, reports, policies and data do not contain the requisite degree of authorship and therefore are not protectable by copyright.

5.     NCIS's Copyright Registrations are invalid or unenforceable because said documents consist only of forms, facts, data, ideas, procedures, processes, systems, methods of operation, concepts, principles, or words and short phrases and therefore are not protectable by copyright.

6.     NCIS is barred from prosecuting a copyright infringement claim because they have misused their copyrights in order to assert control over noncopyrighted material and such leveraged use of a copyright is violative of the public policy embodied in the grant of copyright.

7.     The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrines of waiver and estoppel.

8.    The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

9.    To  the extent that Occidental copied any expression protected by copyright, then such copying is protected as a Fair Use under 17 U.S.C. § 107.

10.    Occidental reserves the right to assert additional affirmative defenses at such time and to the extent warranted by discovery and the factual development of this case.

<u>Jury Trial Requested</u>

Occidental requests a trial by jury of all issues so triable.

<u>Prayer for Relief</u>

WHEREFORE, Defendant Occidental prays as follows:

(1)    That no relief be afforded to NCIS and that the Complaint be dismissed in its entirety;

(2)    That NCIS's Copyright Registrations referenced and listed in the Complaint at paragraph 12 be adjudged invalid;

(3)    That NCIS's Copyright Registrations referenced and listed in the Complaint at paragraph 12 be adjudged unenforceable until such time, if any, as it has purged the effects of the misuse of its copyrights.

(4)    That Occidental be awarded its reasonable attorneys fees and costs.

WHEREFORE, Defendant Occidental having fully answered the complaint of the plaintiff pray the court as follows:

1.   That plaintiff's complaint be dismissed;

2.   That the costs of this action be taxed to the plaintiff;

3.   For trial by jury on all issues; and

4.   For such other and further relief as the court may deem just and proper.

Respectfully submitted,

Charles R. Work, D.C. Bar # 61101
Karla L. Palmer, D.C. Bar # 44353
Michael S. Nadel, D.C. Bar # 470144
McDermott Will & Emery LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 756-8000

Mary Hulett
Ragsdale Liggett PLLC
P.O. Box 31507
Raleigh, North Carolina  27622-1507
(919) 787-5200

*Attorneys for Occidental Fire & Casualty
Company of North Carolina*